State ex rel. CURTIS et al., Respondents, v. POUND et al., Appellants.

## (143 N. W. 778.)

**1.    Appeal—Briefs—Specifications of Error—Presumption.**

Appellant's brief need not recite that specifications of error were served on respondents and filed with clerk of trial court, as required by Laws 1913, Ch. 178. The Supreme Court will presume, in absence of an adverse showing by respondent, that the settled record contained such specifications as sustain the assignments of error urged on appeal.

**2.    Drains—Drainage Ditch—Establishment—Notice of Hearing— Variance from Petition—Description of Route.**

Drainage Law (Laws 1907, Ch. 134), Sec. 2, requires petition for establishing a drainage district to describe the proposed route by its "initial and terminal" points and its general course, etc. Sec. 4 requires the commissioners, after inspection of proposed route, or after surveyor's report, as provided by section 3, to determine "the exact line and the width of the ditch if the same shall not be fixed in the petition," and that the notice of hearing shall describe the route, and the tract of country likely to be affected. Sec. 5 provides that after full hearing the drainage may be established along the lines set forth "in the petition or in the finding of the board prior to the hearing," or the board may vary the route or its width, and that if it does vary the route, or materially change the initial or terminal points, so that the drainage will pass through other lands than those described in the notice of hearing, the board shall adjourn the hearing and give the owners of such lands notice as in case of original hearing. **Held,** that the published notice of the original hearing must, in its description of the proposed route, conform to the description in the petition, as to initial and terminal points, and can vary therefrom only as to matters of description not fixed in the petition, and that the board has no power, prior to said hearing, to change those two points, so that, where the petition described a ditch about one-half mile long, giving its initial and terminal points, a notice of hearing which described the ditch as more than two miles long, with its initial point nearly two miles from that named in petition, vitiated the proceedings.

**3.    Drainage Ditch Proceedings—Compliance With Statute.**

All statutory requirements for establishing a drainage district and leading up to levying and collecting the incidental assessments must be complied with, as against one not estopped to deny compliance.

(Opinion filed Nov. 7, 1913.    Rehearing granted Feb. 7, 1914.)

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Mandamus proceedings by the State, on the relation of A. J. Curtis and others, as County Commissioners of Davison County, South Dakota, and another, against S. S. Pound and others, as Supervisors of Union Township, and another, to require defendants to levy a tax to pay a drainage district assessment. From a judgment for plaintiff that a peremptory writ issue, defendants appeal. Reversed.

*A. E. Hitchcock,* for Appellants.

All the provisions of the statute going to the jurisdiction of the board of county commissioners must be strictly complied with. This notice is of that character, and without it the board has no jurisdiction to proceed. Curn v. Commissioners of Sibley Co., (Minn.) 50 N. W. 237.

Failure to give notice, actual or constructive, to an owner of land affected by a proposed drain is not a mere formality, but a jurisdictional error. Bixby v. Goss, (Mich.) 20 N. W. 581; Black on Tax Titles, Sec. 333; Jaggard Law of Taxation, pp. 119 and 120, and cases cited.

To obtain jurisdiction by means of publication, it must affirmatively appear that the statute has been strictly pursued, and its provisions complied with. McChesney v. People, 145 Ill. 614, 34 N. E. 431.

Said board of county commissioners was without jurisdiction to materially change the construction of the said drainage ditch, as established and directed to be constructed by the said judgment of the circuit court.

Where the drainage ditch when completed shows a substantial deviation from the approval plan and specification, or from the order of court, the report of the commissioners may be rejected, and assessments thereunder cannot be enforced. 14 Cyc. 1052; Racer v. Wingate, (Ind.) 36 N. E. 538.

If the improvement is not in accordance with the original petition or the earlier proceedings under which the work was done the assessment will not be sustained. Jaggard Law of Taxation 119, and cases cited.

*W. M. Herbert,* and *Spangler & Haney,* for Respondents.

Appellants' brief and statement of the record of the case as it appears in appellants' brief is fatally defective and wholly insufficient to warrant the Supreme Court in considering the same or reviewing the case, and that appellants' statement, abstract and record so presented should be disregarded and the judgment of the circuit court affirmed, for the following reasons:

1st. That it is not shown in said appellants' brief that there was any settled record made or filed, as required by statute and the rules of the Supreme Court.

2nd. That it is not shown in appellants' brief that any specifications of error were ever served upon the adverse party, or filed with the clerk of the circuit court, as required by statute and the rules of the Supreme Court.

Supreme Court will not search the record to ascertain whether there is evidence in it to sustain or reverse the decision of the circuit court. Rayl v. Hammond, (Mich.) 54 N. W. 693.

Under chapter 102, Sess. Laws 1909, and section 4, thereof, the supervisors of the townships are not entitled to any notice of hearing on a drainage petition in any case; a municipality has no voice in the establishment of the drainage; it cannot contest the establishment, nor enjoin the construction of the ditch. The only thing in the procedure with which a municipality is concerned is the proportion of benefits which will be assessed against it, for said drainage, and after the assessment is duly filed against the municipality it is the duty of its proper officers to provide the means to pay such assessment. When a sufficient petition is filed, the board of county commissioners are given jurisdiction to proceed, and a municipality is not concerned in the proceedings until it is sought to assess some of the benefits to such municipality.

The notice in this proceeding did give the separate tracts of land through which the proposed drainage was to pass, and did give the names of the owners of said tracts of land as appeared from the office of the register of deeds of Davison county.

A careful reading of said chapter 102, Laws of 1909, will show that it is not necessary in the notice of hearing on a drainage petition that even all the land owners affected by the proposed drainage be notified by name, it is only required that those be named through whose tracts of land the drain will pass, and a general notice to all other parties affected.

The argument and citations shown in appellants' brief, pages 74, 75 regarding notice to land owners affected in proceedings to establish drainage ditches are not applicable for the reason that said section 2 of chapter 102, Session Laws of 1909, provides that only the tracts of land through which a proposed ditch will pass shall be shown, together with the names of the owners of said tracts.

Section 2, chapter 102, Session Laws of 1909, provides that only the tracts of land through which a proposed ditch will pass shall be shown, together with the names of the owners of said tracts.

No petition requirements other than those described in the statutes are necessary to its validity. Brady v. Hayward, (Mich.) 72 N. W. 233.

The action of the board determining the practicability of the drainage did not depart from a substantial description of the drainage in constructing the drain twice as long as indicated in the petition. The notice given of hearing on the petition contained all tracts of land through which the ditch would pass.

The petition filed in this proceeding gave the board jurisdiction to proceed.

The notice of the equalization of benefits, and the notice of the filing of the assessment were the vital notices in this assessment against Union Township. Erickson v. Cass County, 92 N. W. 843.

WHITING, P. J. Claiming to proceed under the provisions of chapter 134, Laws 1907, as amended by chapter 102, Laws 1909, the Board of County Commissioners in and for Davison County, made an order establishing a certain drainage ditch, and later, the ditch having been constructed, having found that Union township in said county was benefited thereby, such board made an order wherein part of the expense of establishing and constructing such ditch was assessed against such township. Notice of such assessment having been given such township, and the said assessment having been certified to the county treasurer of Davison county for collection, and remaining unpaid, this proceeding was brought in the circuit court, and judgment was rendered for plaintiffs and a peremptory writ issued, commanding the defendants to make a levy of tax to provide the funds wherewith

to pay such assessment.   Defendants appealed from such judgment and from an order denying a new trial.

[1] Appellants' brief fails to affirmatively show that any specifications of error were ever served on respondents and filed with the clerk of the circuit court, as required by chapter 178, Laws 1913, and respondents contend that, for that reason, such brief is fatally defective and the assignments of error cannot be considered.   While it would be proper for appellants to recite the fact that specifications were so served and filed, we do not deem it necessary.   The statement in the brief should present a recital or assignment of those alleged errors upon which an appellant bases his appeal, together with a copy of, or a statement of the substance of, such parts of the settled record or other papers as may be necessary to clearly and fully present to this court the merits of appellants' contentions; that a record was properly settled, that a motion for new trial made by an appellant was properly and timely made, and that the appeal was properly perfected, will all be assumed without any showing in appellant's brief that the several steps were properly and timely taken; if respondent wishes to raise any questions upon any of these matters, he should do so by an additional statement in his brief setting forth the material facts as they appear of record, which statement will be taken as true unless questioned in an additional brief filed by appellant.   Nothing said herein should be taken as excusing appellant from setting forth in his brief every fact and thing necessary to fully present the merits of every assignment of error relied upon, and to show that such errors were prejudicial.   This court will therefore presume that the settled record herein contained specifications sufficient to sustain the assignments of error urged on this appeal.

[2] Appellants have raised numerous questions by their assignments of error; we deem it necessary to consider but one, namely:   Where, as in the case at bar, the original petition asking for the establishment of a drainage ditch asks for a ditch about one-half mile in length—*the description thereof in the petition giving the initial and terminal points*—does the filing of such petition vest in the Board of County Commisioners any power, when giving notice of the hearing of such petition, to alter the description of the proposed ditch and describe it as one more than two

miles in length, having its initial point nearly two miles from that named in the petition, such description agreeing with the description of the ditch petitioned for only as regards the terminal point? If the board did not acquire the jurisdiction necessary to authorize it to give such notice, then the whole proceedings in this matter, after the filing of the petition, were a nullity as against the township and its officers, as they would have had no notice of same, and there is no pretense that any facts existed which would estop such township from attacking the validity of such proceedings.

Section 2 of the drainage law provides that the county commissioners can act only upon a written petition, which petition "shall set forth * * * a description of the proposed route by its *initial* and *terminal* points and its general course, or by its exact course in whole or part." Section 3 provides for the inspection of the proposed route, and for the surveying of the proposed drainage, which survey may extend to other lands than those affected by the proposed drainage for the purpose of "determining * * * in part the practicability of the proposed drainage." Under section 4 the commissioners, after inspecting the proposed route, or after receipt of the surveyor's report, "shall determine the *exact line and width of the ditch, if the same shall not be fixed in the petition* and shall file their determination with the petition." They shall then "fix a time and place for the hearing of said petition and shall give notice thereof by publication * * * and by posting. * * * Such notice *shall describe the route of the proposed drainage* and the tract of country likely to be affected thereby in general terms,* * * and shall refer to the files in the proceedings for further particulars. Said notice shall summon all persons affected by the proposed drainage to appear at said hearing and show cause why the said drainage should not be established and constructed. * * *" Section 5 provides that: "At such hearing any person interested may appear and contest the statements of the petition and matters set forth in the surveyor's report and finding of the board as to width and route. The petitioners * * * may be heard in support of the petition. After full hearing the drainage may be established along the line set forth *in the petition or in the finding* of the board prior to the hearing, or the board may vary the route thereof

or its width as deemed practicable or necessary. If the board deem it best to vary said route or to materially change the *initial or terminal points of* such proposed drainage so that it will pass through *other lands than those described in the notice of hearing,* * * * the board shall adjourn the hearing and give the owners of such lands notice as in case of the original hearing."

[3] For all that appears herein, the drainage ditch as established and constructed followed the route described in the notice as published, so that the sole question is as to whether the board had jurisdiction to publish a notice with that description. We think it did not. This is a purely statutory proceeding, whereby special assessments are assessed, levied, and collected, and whereby, in case of failure in payment of such levies, one's property may be sold to satisfy same. Every step leading up to such results should be and is clearly marked out and defined by the statute, and such steps must be followed, at least as against any person not estopped, by some act or omission. A reference to section 4 makes it clear that the board has, prior to the hearing, no power to change the *initial and terminal points,* that the only thing they can determine, prior to such hearing, is "the exact line and with of the ditch, if the same shall not be fixed in the petition." It follows that the notice published must, in its description of the proposed route, conform to that in the petition as to the initial and terminal points, and can vary from that in the petition only in respect to those matters of description wherein the description was "not * * * fixed in the petition." If the petition herein gave jurisdiction to give the notice that was given, then it was sufficient upon which to base a notice for a hearing to consider the establishment of a ditch of any length, and following any course, so long as it was one which would be wholly within Davison county. If the board could disregard the *initial* point, it could also disregard the *terminal* point.

The judgment and order appealed from are reversed.