MILNE, Appellant, v. McKINNON, et al., Respondents.

(144 N. W. 117.)

1. **Drains—Special Assessments—Enforcement—Requisites of Complaint to Enjoin Assessment Sale—"Agricultural" Land.**

In a suit to enjoin a sale of realty in satisfaction of a drainage assessment made under Laws 1907, Ch. 134, the burden is on plaintiff to allege facts sufficient to show the assessment invalid, and that the land was not "agricultural" land within said statute.

2. **Drains—Assessment—"Agricultural" Land.**

Certain land sought to be assessed for benefits for construction of a drainage ditch, part of which was covered by native timber and underbrush, grass and weeds, and never having been used for agricultural purposes, and was of little or no value therefor, and another part of which was used as a mill site, held, to have been subject to such assessment as agricultural land.

3. **Drains—Assessment For Benefits—Jurisdiction to Determine Benefits—Injunction Against—Remedy by Appeal.**

Whether certain land, assessed for construction of a drainage ditch, in fact received any benefits from the drainage system, and if so, to what extent, was within jurisdiction of board of county commissioners, whose determination, if honestly made, could only be reviewed on appeal, and not by equitable suit to enjoin collection of assessment.

4. **Pleading—Demurrer to Complaint—Allegations Not Confessed By.**

Upon demurrer to a complaint to enjoin enforcement of a special assessment of benefits against agricultural land, for construction of a drainage ditch, allegations that the lands were of little value as agricultural lands, and that, owing to their peculiar situation, they could not be and were not benefited by the drainage system, are improperly pleaded, and are not confessed by the demurrer.

5. **Drains—Erroneous Assessment—Unit of Measurement of Benefits—Remedy by Appeal.**

Error, if any, in the method of assessing benefits, or in selection of tracts as units of measurements of benefits, for con-

struction of a drainage ditch, is matter to be considered on appeal from determination of county commissioners levying the assessment, and not by suit to restrain its collection.

Polley, J., dissenting.   Gates, J., taking no part in the decision.

(Opinion filed Dec. 5, 1913.   Rehearing denied Feb. 7, 1914.)

Apeal from Circuit Court, Minnehaha County. Hon. JOSEPH H. JONES, Judge.

Action by W. G. Milne against Thomas McKinnon and others, constituting the Board of County Commissioners of Minnehaha County, the County of Minnehaha, and Harry B. Benson as county treasurer, to enjoin collection of a special assessment for construction of a drainage ditch.   From a judgment for defendants, entered upon an order sustaining a demurrer to the complaint, plaintiff appeals.   Affirmed.

*Robertson & Daugherty* for Appellant.

The purpose of the act is not to benefit other than agricultural lands.   The Board has no authority to proceed with a view of benefitting other than agricultural land, even though such other land might be included in the drainage area.   Chap. 134, Laws 1907.   Appellant, owner of the mill property, is not brought within the purview and scope of the act relative to drainage.   He cannot invoke the provisions of the act in his favor; it is unjust and inequitable that he should be bound by its burdens.   It is clear from the complaint that none of the plaintiff's property was taken as agricultural land, for drainage purposes.   Plaintiff's property, according to the complaint, is a mill property or water power, and is not agricultural land, and if any portion of it is such, then from its elevation it is not necessary or practicable to drain it, and therefore it is not within the class of property against which an assessment can be levied under the statute, viz., agricultural lands.

## IN REPLY.

Not all agricultural land is subject to such assessment.   It must be agricultural land *needing* drainage, and *practicable* to be drained.   Land not benefitted by the drain, nor needing drainage, cannot be assessed.   The complaint shows that it was not necessary or practicable to drain the lands of the appellant.   The de-

murrer conceded that it was not necessary or practicable so to drain them.

*Martin Bergh,* and *Jones & Matthews,* for Respondents.

"Agricultural land" as used in the statute, implies that the land can be used for agricultural purposes, either for cultivation or pasturage, and not that it has been or is being used for such purposes. Reeves v. Hyde (Cal.) 19 Pac. 685. It does not lose its character as such agricultural land by having a wind mill, feed mill, grist mill, railway track, or livery stable constructed thereon. The land in question is strictly "agricultural land" and as such is subject to assessment for drainage purposes. But take it for granted that the board of commissioners erred in classifying or apportioning the amount of benefit or damage sustained by this land, still the appellant has no right in this kind of action to question such matters. The Board of County Commissioners is the constitutionally constituted tribunal to determine the drainage matters in the first instance. Tuthill, etc., v. McMakin, 141 N. W. 382. His remedy was by appeal from the determination of the Board. Drainage Law, Sec. 12. Erickson v. Cass County, 92 N. W. 841; Keigwin, et al., v. Drainage Commissioner, 115, Ill.; N. E. 575. Morrell v. Drainage Commissioner 118 Ill.; 139; 8 N. E. 675; Hoyt v. Hughes Co., 142 N. W. 471.

WHITING, P. J. This is an action in equity wherein plaintiff sought to restrain a sale of his real property in satisfaction of a special assessment made thereon under the provisions of chapter 134, Laws 1907, commonly known as the Drainage Act. Defendants demurred to the complaint, alleging as ground for such demurrer that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff appealed to this court from the order sustaining same.

Appellant contends: That his property not being "agricultural lands," and the law in question not authorizing an assessment against other property than "agricultural lands" (except highways and railroad rights of way), respondent board of commissioners acted wholly without jurisdiction in levying and returning an assessment for benefits against such lands; that the law provides but one method for the assessment of proportions of benefits, which method was not followed, so far as appellant's

property was concerned, and could not be followed in the assessment of other than agricultural lands; that the law in question is unconstitutional in that it embraces subjects not expressed in the title.

Inasmuch as appellant does not question the regularity of any of the proceedings in connection with the establishment of the drainage system, construction of the ditches, ascertainment of damages and benefits and the levy of the assessment (except as questioned under the contentions announced above), and it therefore stands conceded that proper petitions were presented and notices given to bring appellant's land within the proposed drainage district and to authorize the inclusion of such lands when the respondent board ascertained the proportion of benefits accruing thereto, and assessed such lands for its share of the costs of establishing such drainage system, the jurisdiction of such board depended: First, upon whether such . board had the power given it to determine whether the land in question was "agricultural land." Second, if not given such power, then upon whether such land was in fact "agricultural." The question of whether or not jurisdiction is given to the board to determine to what class a piece of land belongs, as to whether or not it is agricultural land, has not been presented by either party upon this appeal and we express no views thereon.

[1] Respondents concede that no class of lands other than agricultural lands can be assesed, but they contend that the land in question was "agricultural." Starting from the premise that the land in question was agricultural, respondents contend that; if there was an excessive assessment levied thereon, appellant's sole remedy, no claim of fraud being made, was an appeal therefrom to the circuit court. If respondents' premise is correct, it is clear that their conclusion is; therefore we have for our determination, from the admission of the demurrer, but one question and that one of fact, Does it appear that the land is not "agricultural?" Unless the complaint states facts sufficient to show that said land is not "agricultural," the demurrer was rightfully sustained; it being incumbent upon appellant, before he shows himself entitled to the equitable relief sought, to allege facts sufficient to show the tax invalid.

[2] The following appears from the complaint: The land in question, and which seems to have been treated by the owner and by respondent board as one tract, together with the structures that have been erected thereon, was known as the St. Oluf Mill tract and included two strips of land, one on either side of the Big Sioux river, together with the bed of the river itself between same, and comprised in all some seven acres in extent. The drainage system was to the west of said river, appellant's mill was situated on the east side of the river, and the land upon that side was used as a mill site for roadway and railway trackage purposes, and as the site of a small dwelling house. There was a dam extending across the river. Upon the west side of the river there were some two acres of land which had never been used for agricultural purposes; a part being covered by native timber and underbrush, the remainder being rough and uneven in its surface and covered with rank grass and weeds. This land lay some 3 or 4 feet above the top of the dam and 12 to 15 feet above the surface of the river below the dam, and no part of it could be overflowed by the high water in such river, except part thereof might be overflowed from above the dam when there was excessively high water. This land west of the river has been for many years used as a common and is poorly adapted for agricultural purposes. Appellant has never during his ownership thereof, during a period of over seven years, used the same for any purpose nor received any rent therefrom. The tract is of little or no value for any purpose and could not be in the least degree, affected by the drainage ditch in question or benefited by the construction and establishment of the same. Can it be claimed that the complaint states facts showing that the land west of the river is not agricultural land? Certainly a tract of land need not be in use and cultivated for agricultural purposes in order for it to be agricultural land. The unbroken prairie, the timber covered valleys and hillsides, are agricultural lands before they have been prepared for husbandry as well as after they have been so prepared. It certainly does not appear that this tract of land is not agricultural land. If it was agricultural land, then concededly, when properly included in the drainage system, it was assessable for any benefits it may have received.

[3] Whether it did receive any benefits from the drainage

system and the extent of such benefits was a matter clearly within the jurisdiction of the board to determine, and its determination thereon, if honestly made, can only be reviewed upon appeal; and any allegations contained in the complaint setting forth that said lands were of little value as agricultural lands and that, owing to their peculiar situation, they could not be and were not benefitted by the drainage system are improperly pleaded and are not confessed by the demurrer, being matters that could be considered only upon an appeal from the assessment made.

[4] The drainage act provides that, in apportioning the benefits among the several tracts benefitted by the drainage system, the board shall select one tract, the benefit received by which shall be taken as the unit from which to measure the benefits received by the other tracts. Appellant contends that the tract thus used as a basis of measurement was "agricultural" land and therefore improper to be used when determining the relative benefit accruing to appellant's land. There are several answers to this: If the law allowed assessments to be made against various classes of lands, yet the benefit received by any tract of any class could be used as the unit from which to estimate the proportionate benefit received by any other tract of either class, the sole thing aimed at being the ascertainment of what proportion of the total amount to be assessed should be borne by each tract; it not appearing but what part at least of appellant's land was "agricultural," it does not appear but what, even under appellant's contention, a proper unit of measure was used; and, finally, any error, if any, in method of assessment by which a wrong result may have been reached would be a matter to be considered by the reviewing court upon an appeal from the determination of the board.

[5] Is the law in question unconstitutional? According to its title it is "An act providing for the establishment, construction and maintenance of drainage and levees in counties." Under this title it provides for the exercise of the power of eminent domain when necessary to acquire right of way for ditches and also provides methods for apportioning benefits and for levying special assessments, based upon such benefits, with which to pay the costs of establishing, constructing, and maintaining drainage systems. Appellant insists that the above title is not broad enough under which such provisions could be enacted. We cannot agree with

appellant. Certainly these provisions are germane to the subject expressed within the title. One must know that in the "establishment, construction, and maintenance of drainage," it will be necessary to provide a right of way for the ditches and a method by which such right of way can be acquired, as well as to provide for the raising of the money necessary for the payment of the expenses incident to the establishment, construction, and maintenance of the drain. The subject matter of this law, at least so far as noted by appellant, is perfectly germane to the matters named in its title.

The order appealed from is affirmed.

GATES, J., takes no part in this decision.

POLLEY, J., dissents.