STATE ex rel. CURTIS et al., Respondents, v. POUND et al., Appellants.

(150 N. W. 287.)

1.  **Drainage—Notice of Hearing, Sufficiency—Notice to Township— Record Title—Section Line Highways.**

Under Drainage Law (Laws 1907, Ch. 134, Sec. 2,) requiring the petition for a drainage district to describe the proposed route, and (Sec :4) providing for notice to all persons affected by the proposed drainage, with description of the tracts of land through which the drainage proposed will pass, and names of record owners thereof, **held**, that notice to a record owner is good as against the real owner. **Held**, further, that a civil township, even if regarded as a landowner for purposes of drainage proceedings, is not a landowner unless it holds record title to land, and, in case of section line highways, the records will not reveal an interest of a civil township therein, nor its name or situs; hence, in absence of such record title, a notice of hearing of a petition for drainage district need not name the township.

2.  **Evidence—Notice by Publication—Affidavit of Publication—Ex Rel. Affidavit—Filing of, as Evidence.**

The want of an additional, or ex rel. affidavit, within Pol. Code, Sec. 1849, providing that such additional affidavit shall be made as a condition to filing or recording of affidavit of publication, does not render a publisher's affidavit incompetent as evidence, except where filing or recording thereof is a prerequisite to its receipt in evidence.

3.  **Drainage—Excess of Jurisdiction, Effect of—Objection to Assessment, When Made—Appeal as Remedy.**

If, in a drainage proceeding, commissioners exceeded their jurisdiction in increasing the length of a ditch and changing size of tiling, still, where the land described in the petition included part of a section line highway forming the basis of an assessment complained of, the only effect of such excess of jurisdiction was to increase the assessment against landholders, and the objection should be raised and determined at time of assessment of benefits and expenses, and the remedy for an unjust or unwarranted assessment was by appeal from the assessment to the circuit court.

4.  **Same—Equalization of Benefits—Notice of Hearing—Benefit to Highway—Notice to Individual Owners as Notice to Township, Sufficiency.**

Under Drainage Law (Laws 1907, Ch. 134, Sec. 6,) concerning notice of hearing for equalization of benefits, requiring, among other things, that the names of owners of the lands described, and the proportion of benefits fixed for each tract be inserted, **held,** that a notice describing the several tracts affected, stating names of record owners, the proportion of benefits fixed, and describing as belonging to individuals lands including one mile of highway along a township line, is sufficient, though it would have been better if notice had designated that the benefit to be equalized was a benefit to a highway particularly described.

Polley, J., dissenting.

(Opinion filed December 31, 1914.)

On petition for rehearing. Former decision reversed, and judgment and order of trial court affirmed.

For former opinion, see, 32 S. D. 492, 143 N. W. 778.

*A. E. Hitchcock,* for Appellants.

*W. M. Herbert,* and *Spangler & Haney,* for Respondents.

[1] Under point one of the opinion, Appellants cited: Laws 1907, Ch. 134, Sec. 4, 5; Laws 1909, Ch. 102; 29 Cyc. 1132;

Chicago etc., R. Co. v. Smith, 78 Ill. 96; O. B. 72-81; Zumbro v. Parnin, (Ind.) 40 N. E. 1085, and cases cited.

Respondents cited: Drainage Ditch v. Richardson Co., 86 Neb. 358, 360; Laws 1909, Ch. 102, Secs. 3, 12.

(2) Under point two of the opinion, Respondents cited: Section 530, Code Civ. Proc.; Sec. 1849, Pol. Code; Laws 1903, Ch. 205, Sec. 3.

(3) Under point three of the opinion, Appellants cited: Pol. Code, Secs. 851-4; In re Yankton-Clay Co. Drainage Ditch, 137 N. W.    ; In re Sorenson Drainage Ditch, 131 N. W. 300.

WHITING, J. This cause is before us on rehearing; our former opinion being reported in 32 S. D. 492, 143 N. W. 778. Reference to said opinion is made for a statement of the case and of the questions therein discussed and decided.

[1] It will be found that the only question pertaining to the merits, which was discussed therein, was the following:

"Where, as in the case at bar, the original petition asking for the establishment of a drainage ditch asks for a ditch about one-half mile in length—the description thereof in the petition giving the initial and terminal points—does the filing of such petition vest in the board of county commissioners any power, when giving notice of the hearing of such petition, to alter the description of the proposed ditch and describe it as one more than two miles in length, having its initial point nearly two miles from that named in the petition, such description agreeing with the description of the ditch petitioned for only as regards the terminal point?"

Upon further consideration of the record herein, we are convinced that, while such record shows the facts to have been as stated in the question discussed in our former opinion, yet there was no assignment of error questioning the power or jurisdiction of such commissioners to give the notice which they did give. Instead of questioning the jurisdiction of the commissioners to give such notice, appellants merely contended that, while the statute provides "said notice shall summon all persons affected by the proposed drainage ditch to appear at said hearing and show cause why the said drainage should not be established and constructed," the notice given "did not summon the defendant [appellants here] at said hearing and was insufficient in law to constitute due notice." The only reason, urged by appellants,

why such notice was insufficient was, not that it was given without authority, but, as urged by appellants in their brief, because:

"In the notice of hearing on said drainage petition it does not appear that Union township was in any way affected by the proposed drainage, and the supervisors of said township, or the corporation itself, are not named therein, and were not summoned to appear at the hearing. And the appellants had no reason to believe from the notice that said township was to be damaged or benefited in any way by the construction of such drainage."

In support of their contention that, in order for the notice to have been good against the township, its name must have appeared therein, appellants cite Zumbro v. Parnin, 141 Ind. 430, 40 N. E. 1085. An examination of the drainage act of that state (chapter 53, Ann. Ind. St., Rev. of 1894) reveals that it requires the names of the owners of the lands affected by the drainage to be stated in the original petition, if such names are known, and, where unknown, to be so stated in such petition, and also requires written notice to be served on all owners or occupants of land, resident of the county. The courts of that state hold that a township which is liable to assessment for drainage is, for the purposes of such statute, a landowner, and hold that the omission of the name of any landowner whose name is known to the petitioners prevents the commissioners acquiring jurisdiction as against such landowner and his land. Conceding that a township is a landowner, does it necessarily follow that, under our statute, the omission of its name from the notice was fatal? We think not. Our statute does not require that the names of the owners of the land to be affected be named in the petition, but only that the land to be affected shall be generally described. In the notice the commissioners shall "describe * * * the separate tracts of land through which the drainage proposed will pass and give the names of the owners thereof as appears from the records of the office of the register of deeds on the date of the filing of the petition." We think it clear that if a natural person owned a tract of land mentioned in the notice, but some one else was named in such notice owing to the fact that the record title was in such other person, such notice would be good as against the real owner. Under the laws of this state, the records of the register of deeds' office would disclose a civil township as the owner of land

only where land had been conveyed to such township and such conveyance placed of record. In the case of section line highways, the records of said office would not reveal that any civil township had any interest therein, nor would such records reveal the name or situs of any civil township. Therefore, even if it should be held that, for the purposes of the Drainage Act, this civil township was a landowner, its ownership in no manner would appear on the records in the office of the register of deeds, unless, as above stated, certain land had been conveyed to such township; and there is no claim that such township held record title to any land. The notice was sufficient in form without the name of such township.

[2] To establish the due publication of this notice, an affidavit of the publisher of a newspaper was offered in evidence. This offer was objected to upon the ground that such affidavit was incompetent, there not being annexed thereto the additional affidavit mentioned in section 1849, P. C. Section 1849, P. C., provides merely that:

"No affidavit of publication shall in any case be filed or recorded until such additional affidavit shall be so annexed thereto."

The want of such additional affidavit does not in itself render the publisher's affidavit incompetent as evidence, except where due filing or recording of such affidavit is a prerequisite to its receipt in evidence. It does not appear that such affidavit was objected to because not properly recorded or filed; if otherwise incompetent, such incompetency was not suggested.

[3] It appears that, when the commissioners decided to construct the ditch described in the notice, certain interested parties appealed from the order of the commissioners, and the circuit court entered judgment directing the construction of a ditch in accordance with the original petition. The commissioners then constructed a ditch twice the length of the one petitioned for, and used different sized tiling than that ordered by the court. Appellants now complain of this fact. It appears that the land described in the original petition as land to be affected by the drainage petition for, included a part of a section line highway, which highway form the basis of the assessment complained of. It follows that, if the commissioners exceeded their jurisdiction in the length of the ditch and size of tiling, its only effect, so far as

appellants were concerned, was to increase the amount assessed against them above the amount that should have been assessed. This is a matter which should have been settled at the time of the assessments of benefits and expenses of construction, and appellants' remedy for an unjust or unwarranted assessment was through an appeal to the circuit court from such assessment. Section 12, Drainage Act; Milne v. McKinnon, 32 S. D. 627, 144 N. W. 117.

[4] However, appellants contend that the township had no notice of such assessment, and therefore is not bound thereby and could not have appealed therefrom. They base this contention upon the claimed insufficiency both of the original notice hereinbefore considered and of the notice of hearing for equalizing the proportion of benefits; they claiming that this latter notice failed to conform to section 6 of the Drainage Act. The defect claimed is the same as that urged against the original notice. The statute says that:

"Said notice shall state the route and width of the drainage established, a description of each tract of land affected by the proposed drainage and the names of the owners of the several tracts of land as appear from the records of the office of the register of deeds of the county at the date of the filing of the petition and the proportion of benefits fixed for each tract of property, taking any particular tract as a unit, and shall notify all such owners to show cause why the proportion of benefits shall not be fixed as stated."

No question is raised but that said notice described the several tracts affected and named the record owners thereof. It also named appellant as one party to be benefited, and stated the proportion of benefits fixed against it, but did not state what such benfits were for or what land, if any, it was based on. The lands that were described as belonging to individuals included one mile of highway along the township line between appellant and an adjoining township. While perhaps it would be better in such a notice to designate that the benefit to be equalized was the benefit to a highway, particularly describing it, yet we hold that such notice was sufficient and that appellant was bound thereby. Other alleged errors are urged, but there are none meriting separate consideration.

The former decision of this court is reversed, and the judgment and order of the trial court are affirmed.

POLLEY, J. (dissenting). For the reasons stated in the former opinion in this case, I think the judgment and order appealed from ought to be reversed.