STATE, Respondent, v. DACHTLER, Appellant.

(178 N. W. 734.)

(File No. 4701.   Opinion filed July 15, 1920.)

1. **Criminal Law—Appeals—Dismissal of Appeal, Record, Necessity of Substantial Statements in Brief, Non-affected by Fact That Original Record Goes Up—Statement Re Information, Sufficiency.**

In denying a motion to dismiss an appeal in a criminal case, held, that the fact that in criminal cases the original record is sent up to Supreme Court does not change the rule as to substantial statements that should be contained in the briefs. Held, further, that a statement in appellant s brief that defendant was duly informed against, is sufficient where appellant does not question sufficiency of information.

2.   Same—Appellant's Brief, Showing New Trial Sought Re Sufficiency of Evidence, "Proper Specification of Particulars," That Record Settled, Etc. and Error Assigned, Sufficiency to Raise Question of Evidence—Presumption Re Record

Where in a criminal case, appellant's brief showed motion for new trial involving sufficiency of evidence, proper specifications of particulars, extension of time for settlement of record, and moving for new trial, settlement of record and motion for new trial, denial thereof, and that adverse ruling re the motion is assigned as error, the brief is sufficient to raise question of sufficiency of evidence to sustain verdict; and the briefs are within the ruling announced in State ex rel v. Pond, 32 S. D. 492, concerning presumption in absence of adverse showing, that settled record contained specification sustaining assignments of error urged on appeal; motion to dismiss appeal is therefore denied.

Appeal from Circuit Court, Meade County. HON. JAMES McNENNY, Judge.

Information by the State against William Dachtler. On motion to dismiss appeal to Supreme Court. Motion denied.

*Robert C. Hayes,* and *John T. Heffron,* for Appellant.

*Byron S. Payne,* Attorney General, for Respondent.

McCOY, P. J. [1, 2] The motion to dismiss appeal should be denied. The fact that in criminal cases the original record is sent up to this court in all cases does not change the rule as to the substance statements that should be contained in the briefs. The brief of appellant states that defendant was duly informed against, which is sufficient where the appellant in no manner questions the sufficiency of the information. No question is raised as to any alleged irregularity occurring on the trial. The only question raised by the assignments of error relate to the sufficiency of the evidence to sustain the verdict, which could only be considered by this court in connection with the overruling of the motion for new trial. Appellant clearly states that a motion for new trial was made on the ground, among others, of

the insufficiency of the evidence to sustain the verdict, that proper specifications of particulars were made, that the trial court extended the time for settling the record and making motion for new trial, and that the record was settled and motion for new trial made, heard, and denied, and that the adverse ruling on the motion for new trial is now assigned as error. On the face of appellant's brief the record is sufficient to raise the question of the sufficiency of the evidence to sustain the verdict. The briefs in this case are clearly within the rule announced in State ex rel. v. Pound, 32 S. D. 492, 143 N. W. 778, and Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923.

The motion to dismiss appeal is therefore denied.

POLLEY, J., not sitting.