## In re Appeal of CLEAR LAKE TOWNSHIP.

### (203 N. W. 207.)

(File No. 5453.    Opinion filed April 6, 1925.)

Drains — Townships — Drainage Assessments — Agreement Between Township Supervisors Relating to Highway Repairs Held Not to Relieve One Township from Assessments for Drainage Ditch Benefiting Highway.

Agreement between townhip supervisors pursuant to Pol. Code, Secs. 1718-1720, dividing highway for purpose of repairs, held not to relieve one township from liability to assessment under Rev. Code 1919, Sec. 8463, for drainage ditch constructed by board of county commissioners which incidentally benefited the highway.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Drainage proceedings in connection with the construction of Drainage Ditch No. 11, in Minnehaha County. The circuit court affirmed an order of the Board of County Commissioners finding and equalizing assessments, and from the judgment of affirmance the Township of Clear Lake appeals. Affirmed.

*Morris & Fitzpatrick,* of Sioux Falls, for Appellant.

*E. O. Jones,* of Sioux Falls, for Respondent.

Appellant cited: Revised Code 1919, Sec. 8465; Curtis v. Pound (S. D.), 150 N. W. 287.

POLLEY, P. J. In 1918 Minnehaha county established drainage ditch No. 11 in that county. The ditch was constructed, and the county commissioners proceeded to equalize the benefits and to assess the cost in proportion to the benefits conferred. The ditch was so constructed as to improve the township highway between Clear Lake and Humboldt townships, and the commissioners assessed the portion of the cost corresponding to the benefit received to these townships equally against said townships. This apportionment was in strict conformity with the provisions of section 8463, C. 1919, but Clear Lake township protested against this

apportionment, claiming that the entire cost should be assessed against Humboldt township. This claim is based upon an arrangement that had been made by the supervisors of the two townships in 1896, whereby it was agreed by the said supervisors that the highway between said townships should be divided into four sections, and that the work of keeping said highway in repair should be performed as follows: The first and third of said sections were to be cared for by Humboldt township; and the second and fourth sections were to be cared for by Clear Lake township. It is conceded that it was the third section only that was benefited by said drainage ditch, and for that reason Clear Lake contends that Humboldt should pay the entire assessment. This claim was based on the provisions of sections 1718-1720, Pol. Code 1903.

We are unable to agree with the contention of Clear Lake township. In the first place, the work and improvement involved in this case was not contemplated by the provisions of sections 1718-1720, Pol. Code 1903, nor by the agreement entered into by the supervisors of said townships in 1896. That agreement and the law authorizing it related only to work done on the highway itself. At the time this contract was made there was no law in force authorizing the creation of a drainage system for the purpose of improving a highway. In the second place, the work involved in this case was not performed by or for either of said townships, but the board of county commissioners; not for the special benefit of the said highway, but for the improvement of the entire system or watershed, and the benefit to the said highway was merely incidental to the general plan or drainage system.

The judgment appealed from is affirmed.

SKINNER, Circuit Judge, sitting in lieu of ANDERSON, J., disqualified.

Note.—Reported in 203 N. W. 207. See, Headnote, American Key-Numbered Digest, Drains, Key-No. 79, 19 C. J. Sec. 214.