LAKE COUNTY, Respondent, v. ORLAND TWP., Lake County, et al, Appellants.

(239 N. W. 852.)

(File No. 7038. Opinion filed December 19, 1931.)

*Jones, Matthews & Fitzpatrick,* of Sioux Falls, for Appellants.
*Ira F. Blewitt,* of Madison, for Plaintiff and Respondent.
*C. H. McCay,* of Salem, and *Alan Bogue,* of Parker, for Respondent Ramsey Township.

MISER, C. On or about July 2, 1917, a petition was presented to the county commissioners of Lake county, hereinafter referred to as the commissioners, asking for the establishment of a county drainage ditch of an area the greater portion of which lies within that county but part of which, not exceeding an aggregate of one hundred acres, is within Minnehaha and McCook counties. Among the reasons therein given for the establishment of such drainage was that it would permit the construction and maintenance of highways within said drainage area which had theretofore been impossible to maintain on account of the water standing in large sloughs across said highway. On January 2, 1918, the commissioners, by resolution, established the drainage ditch in the counties of Lake, Minnehaha and McCook, as prayed for in the petition, designating it Tri-County Drainage Ditch No. 12. On July 1, 1918, after the establishment of the ditch and the letting of the contract therefor, the commissioners fixed the proportion of benefits among the lands

affected and which would result to the highways of Orland and Franklin townships, Lake county, Ramsey township, McCook county, and Buffalo township, Minnehaha county. Sections 1718-1720, Pol. Code 1903, had provided that, for the purpose of opening roads and keeping them in repair, highways on lines between townships should be divided by the township supervisors into road districts, each district to be considered as belonging wholly to the township to which allotted. Such a division into road districts had theretofore been made between Ramsey township and Buffalo township, and between Orland Township and Ramsey township. In fixing the proportion of benefits to the various townships through highway drainage the commissioners erroneously assumed that each township should be apportioned the benefits accruing to the road districts allotted to it. The result was that all the benefits to the highway between Ramsey and Orland townships and to the highway between Ramsey and Buffalo townships were charged to Ramsey township. A similar proportioning of benefits was thereafter held erroneous. Appeal of Clear Lake Township (In re Minnehaha County Drainage Ditch No. 11), 48 S. D. 170, 203 N. W. 207.

This suit was instituted by Lake county, as plaintiff, against Orland township, Ramsey township, and Buffalo township, defendants, for a cancellation of the former assessment and the levy of a new assessment based upon a corrected equalization of benefits. The answer and cross-complaint of Ramsey township is, with some slight exceptions, almost identical with the complaint of the plaintiff, Lake county. Orland and Buffalo townships demurred to the complaint and cross- complaint. From the order overruling their demurrers, they appeal. The grounds of the demurrer are: First, that the court had no jurisdiction of the subject of the action, in that the drainage board alone had jurisdiction to correct the alleged error. Second, that the complaint and cross-complaint do not state facts sufficient to constitute a cause of action. In support of this, appellants—beneficiaries through the error—contend that the remedy of respondents was a protest to the commissioners and a timely appeal therefrom; that inasmuch as respondents, and particularly Ramsey township, did neither, the right to contest such apportionment was waived, and that section 8488, Rev. Code 1919, provides no method of relief from the error.

The statutes relating to intrastate drainage are sections 8458-8491, Rev. Code 1919. Speaking of the procedure prescribed by the South Dakota statutes relating to drainage, Mr. Justice Stone, in Risty v. Chicago, R. I. & P. R. Co., 270 U. S. 378, 46 S. Ct. 236, 239, 70 L. Ed. 642, says: "With reference to the establishment of proposed drainage, it is provided that the board shall act only on petition of a landowner affected by the 'proposed drainage' (section 8459). * * * It is required to hold a hearing on notice describing the proposed drainage (section 8461), and after hearing the drainage 'may be established' in accordance with the petition or the findings of the board (section 8462). After the establishment of the drainage, the board is required to determine 'the proportion of benefits of the proposed drainage,' and to fix a time and place for equalization of benefits, on notice describing the land affected by the 'proposed drainage,' and to state the proportion of benefits fixed for each tract. * * * Section 8463. Following equalization of benefits as prescribed, the board is authorized to make an assessment against each tract, 'in proportion to the benefits as equalized,' for the purpose of paying damages and the cost of establishment. * * * Section 8464." The foregoing synopsis of sections 8458-8464 will serve for comparison with some of the allegations of the pleadings demurred to. As heretofore stated the statute contemplates the *establishment* of the drainage; that is followed by a tentative *fixing* of the *proportion* of *benefits* among the lands affected; that is followed by notice of *equalizing* of *proportion* of *benefits;* that is followed by the actual *fixing* and *equalizing* of proportion of benefits; that is followed by an *assessment* against each tract, in proportion to the benefits as equalized, for the purpose of paying the damages and cost of establishment. The proportion of benefits is *fixed* and *equalized* in the form of *units.* The *assessment* is in dollars and cents.

Because of a somewhat careless use of language in the pleadings demurred to, it is necessary to quote therefrom more than would otherwise be necessary. Paragraphs 1 to 6, inclusive, of the complaint allege a sufficient compliance with sections 8458-8462, relating to the establishment of Tri-County Drainage Ditch No. 12. There follows an allegation of fixing the proportion of benefits by the commissioners, notice of equalization thereof, and thereafter that the commissioners, on July 1, 1918, "did *assess* the benefits on

the said drainage ditch * * * and among others against the township of Orland, * * * Ramsey * * * and Buffalo * * * as follows: * * * Ramsey * * * highway between Sec. 1 Ramsey Twp. and Sec. 36 Orland Twp. Benefited 32.63. Ramsey * * * highway between Sec. 1 Ramsey Twp. and Sec. 6, Buffalo, * * * benefited 48.94." It may be assumed that the Nos. 32.63 and 48.94 refer to units, although what the unit was or the aggregate units proportioned does not appear. It is alleged that through mutual mistake of law, in equalizing the proportion of benefits, Ramsey township was charged with all, and appellant townships were charged with none, of the benefits to be derived from the drainage of the highways between Ramsey township and appellant townships. It is also alleged it was not discovered that this was an error until after the decision of the Appeal of Clear Lake Township, supra, on April 26, 1925. It is then alleged in paragraphs 12-14 of the complaint and in paragraphs 13-15 of the cross-complaint that on June 8, 1926, pursuant to chapter 139, Laws 1925, the commissioners, by resolution duly passed and entered of record, canceled the unpaid assessments and on the same day made an assessment, among, others, as follows: "Highways between Sec. 36 * * * and Sec. 1 * * * Owner: Board of Supervisors of Orland *and* Ramsey Twps. $2,119,73. Highway between Sec. 1 * * * and Sec. 6 * * * Owner, Board of Supervisors of Ramsey *and* Buffalo Twps. $3,179.31; Which second assessment amounted to approximately $62,870.82; * * * That no appeal was taken * * * from the order making the second assessment."

It is then alleged that notice of such assessment was duly given and that such assessments were duly extended against the several tracts of lands and townships benefited and bonds were thereafter issued upon the drainage project in the sum of $31,000 representing the unpaid assessments, which bonds are payable in the years 1932 to 1946. The complaint then proceeds in paragraph 17: "That in making the second assessment the * * * commissioners * * * * * * erroneously and without having previously assessed the benefits against Orland, * * * Ramsey * * * and Buffalo Township, divided the second assessment against the said townships, inadvertently omitting to assess the benefits and divide the said benefits between the said townships, Orland * * * and Ramsey * * * and between Ramsey * * * and Buffalo. * * * That

there was substantial error * * * in dividing the assessments without an equalization of benefits, but Orland * * * and Buffalo township actually received the benefits and should have paid their proportionate share of the second assessment." Lake county prayed that the "court make an order correcting the benefits in accordance with the facts * * * and a new assessment made based upon the corrected equalization of benefits made by the court. * * *" Ramsey township prayed that the court "cancel * * * the equalization of the proportion of benefits to the highways (above designated) and cancel * * * any assessments that may be levied against said Ramsey township based on said unjust and unlawful apportionment of benefits * * * and that a new equalization and apportionment of benefits be made by the court * * * according to benefits actually received by the respective townships * * * and have * * * further relief."

Against these pleadings the demurrers of appellants were projected upon the theory that the circuit court, in an independent equity action, has no jurisdiction to alter, change, or modify the determination of the drainage board. Under the admissions of the demurrer, each of said townships have received benefits to their highways. Of the townships benefited, Ramsey township is willing to pay its fair share when legally determined. Orland and Buffalo townships admit that they are the beneficiaries through an error, but contend that the mistake made is not such as to entitle the sufferer thereby to relief, it having failed to exercise the right of appeal given by section 8469. They cite Gilseth v. Risty, 46 S. D. 374, 193 N. W. 132; In re Turkey Valley Drain. Ditch, 51 S. D. 67, 212 N. W. 48; Milne v. McKinnon, 32 S. D. 627, 144 N. W. 117; State ex rel. Curtis v. Pound, 34 S. D. 628, 150 N. W. 287; State v. Risty, 51 S. D. 336, 213 N. W. 952; Chicago, M., St. P. & P. Ry. Co. v. Risty, 276 U. S. 567, 48 S. Ct. 396, 72 L. Ed. 703.

But appellants, demurrants, entirely ignore the allegations in paragraphs 12-14 of the complaint and 13-15 of the cross-complaint, wherein is alleged the cancellation of the prior assessment and levy of new assessments, on notice duly given. The final status of the three townships, as appears from the pleadings demurred to, is an assessment against Orland *and* Ramsey townships of $2,119.73 for the highway lying between them and an assessment against Ramsey *and* Buffalo townships for $3,179.31 for the highway between

them. This assessment, however, was not "in proportion to the benefits as equalized," but, according to that part of paragraph 17, hereinbefore quoted, "in making the second assessment * * * the commissioners * * * *divided* the second assessment against the said townships, inadvertently omitting to assess the benefits and *divide* said benefits between the' said townships."

Whatever the language last quoted may mean, a reference to that part of paragraph 13 of the complaint and paragraph 14 of the cross-complaint hereinbefore quoted shows that the second assessments levied were not *divided*. The sum of $2,119.73 was assessed against "the Board of Supervisors of Orland *and* Ramsey Townships" as "Owner" of the highway between those two townships, and $3,179.31 was assessed against "the Board of Supervisors of Ramsey *and* Buffalo Townships" as "Owner" of the highway between those two townships. Had such assessments been *divided* between the respective townships, and when unpaid and delinquent, certified to the treasurers of the respective counties in which they were situated as required by section 8484, a different situation would be presented by the pleadings. But now we are in doubt whether the sum of $3,179.31, for example, assessed against "the Board of Supervisors of Ramsey and Buffalo townships" as "owner," has been certified against Ramsey township, Buffalo township, both or neither. It is not alleged.

■■ Appellants are naturally not disposed to be critical of whether an allegation of a valid assessment is made against Ramsey township. Their interest lies in having stand the equalization of proportion of benefits heretofore made. By that equalization, the benefit to Ramsey township was fixed at 32.63 units and to Orland township at no units for the highway between the two townships; the benefit to Ramsey township was fixed at 48.94 units and to Buffalo township at no units for the highway between those two townships. Such equalization was unfair. It was contrary to law. But Ramsey township had right of appeal. Section 8469. It did not appeal. The mere fact that the equalization was unfair does not now entitle Ramsey township to avoid the assessment made "in proportion to benefits as equalized." Milne v. McKinnon, 32 S. D. 627, 144 N. W. 117, 119. In the case last cited this court said of a tract of land "of little or no value for any purpose and

[which] could not be in the least degree affected by the drainage ditch in question or benefited by the construction and establishment of the same," that "whether it did receive any benefits from the drainage system and the extent of such benefits was a matter clearly within the jurisdiction of the board to determine, and its determination thereon, if honestly made, can *only* be reviewed upon appeal, * * * Any error, if any, in method of assessment by which a wrong result may have been reached would be a matter to be considered by the reviewing court upon an appeal from the determination of the board." In State ex rel. Curtis v. Pound, 32 S. D. 492, 143 N. W. 778; Id., 34 S. D. 628, 150 N. W. 287, the county commissioners of Davison county brought mandamus proceedings against the supervisors of Union township to require them to levy a tax to pay a drainage district assessment. This court on rehearing affirmed the order wherein the trial court issued a peremptory writ. In the course of that opinion it said (34 S. D. 633, 150 N. W. 288): "Appellants' remedy for an unjust or unwarranted assessment was through an appeal to the circuit court from such assessment. Section 12, Drainage Act; Milne v. McKinnon, 32 S. D. 627, 144 N. W. 117."

The Supreme Court of the United States, in Chicago, M., St. P. & P. Ry Co. v. Risty, 276 U. S. 567, 575, 48 S. Ct. 396, 399, 72 L. Ed. 703, 709, referred to the holding of this court in State v. Risty, 51 S. D. 336, 213 N. W. 952, that upon the hearing provided by section 8463 the landowner may be heard as to the extent of the benefits, if any, to his lands or whether the proposed assessment is unjust and unwarranted. That court then proceeded: "From determinations of the board on either hearing, appeals lie to the circuit court under section 8469. Appellants did not appear or file objections * * * and, under the state statute as interpreted in State v. Risty, supra, thus lost their right to urge any objection to the assessment. As the inclusion of appellants' lands in the new assessment district depended wholly upon their being benefited by the proposed improvements, their failure to avail of the opportunity afforded by the statute to make the objections to the assessment now urged forecloses all consideration of those objections here."

But Lake county, charged with the duty of collecting the assessments with which to pay the bonds issued after the second assessment, now seeks to correct some of the mistakes in former

proceedings. It does not question the correctness of the decisions above quoted, but claims statutory authority for the present action in section 8488, which is as follows: "Any defect or irregularity not affecting the substantial rights of parties interested, occurring in any drainage proceeding, shall be disregarded in any action seeking to avoid an assessment or cancel, annul or declare void any such proceeding. And in case the defect is substantial the court shall of its own motion determine the rights of the parties, validate the proceedings and assess the costs as justice may require, if the court shall find cause for such validation or such action should have been taken in the first instance and all parties interested are before the court." This section came into our drainage law as section 29, chapter 98, Laws 1905. We have examined the drainage statutes of all adjoining states, as well as others, and found no statute like it. Its meaning is as obscure as its origin. In Drainage Ditch Nos. 1 and 2 v. Chi., M. & St. P. Ry. Co., 57 S. D. 152, 231 N. W. 531, 533, this court held that the trial court should have proceeded under the provisions of section 8488 to make the proper apportionment and assessment. In the same opinion it held that the drainage board, "In the absence of the company, had no right or authority to make an apportionment different from the tentative apportionment." On rehearing, 58 S. D. 414, 236 N. W. 372, it said: "But in this case no assessment was paid [made?]. * * * We know of no way of arriving at the correct amount other than for the trial court to determine the same under the provisions of section 8488." But the difficulty encountered in that case is unlike the difficulty encountered in this. Here an assessment has been made. In fact, one assessment has been made, unfair but "in proportion to benefits as equalized"; that assessment has been canceled and a second assessment made, not "in proportion to benefits as equalized" but fair if divided—as it was not—between the respective townships. So that we are entirely without precedent in determining whether section 8488 affords respondents a method of relief; to respondent county a collectible assessment, to respondent township—if it be now liable—relief from an uncertain and unfair assessment. Nor have we absolute assurance from the pleadings that the final fixing and equalization of benefits was binding on respondent Ramsey township. Section 8484 prescribes a procedure to be followed when drainage runs into two or more counties but less than 3,000 acres

of the drainage area is in the county in which proceedings are instituted. It is not alleged that this procedure was followed.

Assuming, however, since it is not questioned, that jurisdiction was obtained by proper notice given, that a valid equalization of proportion of benefits was made, is Ramsey township irrevocably bound thereby? Ramsey township contends that section 8488 affords the circuit court the right as a court of equity to cancel the unfair equalization as a mistake of law. In its brief, it contends that "the drainage board and the board of supervisors of the respective townships were all laboring under a misapprehension of the law, all supposing that they knew and understood it, and all making substantially the same mistake as to the law." They cite Korte v. O'Neill, 34 S. D. 241, 148 N. W. 12. That was a case of a written contract between four heirs in settlement of a will contest. The facts are very different from the facts in the case at bar and the authorities quoted furnish no support for respondent's contention herein. Respondent also cites Silander v. Gronna, 15 N. D. 552, 108 N.W. 544, 125 Am. St. Rep. 616, and Gjerstadengen v. Hartzwell, 9 N. D. 268, 83 N. W. 230, 81 Am. St. Rep. 575. These cases, like the one last cited, furnish little support to respondent's contention. Section 822, Rev. Code 1919, also cited, states that "a mistake of law constitutes a mistake *within the meaning of this article* only when it arises from: A misapprehension of the law by all parties, all supposing that they knew and understood it, and all making substantially the same mistake as to the law. * * *" The article in which that section occurs deals with the subject of consent to a contract.

Whatever section 8488 was intended to mean, it does contemplate that an action may be brought in court "to avoid an assessment or cancel, annul or declare void any such [drainage] proceeding." It permits such court (under some circumstances) "to determine the rights of the parties, validate the proceedings, * * * if the court shall find cause for such validation or such action should have been taken in the first instance and all parties interested are before the court."

Whether that section entitles respondents on all the facts to the relief which they seek we do not determine. In 19 C. J. 745 it is said: "It is a rule of general application that determination of the tribunal levying or confirming drainage assessments cannot

be collaterally attacked * * * by suit in equity to set aside or restrain collection thereof * * * where the statute authorizes an appeal from the assessment, or provides some other adequate remedy." Among the many authorities cited in support of that statement are State v. Pound, supra; Smith v. Pence & Pier, 33 S. D. 516, 146 N. W. 709.

However, section 8488 is part of our drainage law. Moreover, there are exceptions to the foregoing rule, as where the assessment is void for want of jurisdiction, Peterson et al v. Sorenson, 192 Iowa 471, 185 N. W. 42; Guenther v. Rutkowski, 176 Wis. 180, 185 N. W. 639, or for demonstrable mistake of fact, Jacobsen v. Lac Qui Parle County, 119 Minn. 14, 137 N. W. 419, or for fraud, People v. Welch, 252 Ill. 167, 96 N. E. 991; Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841; or other recognized ground of equitable jurisdiction, State v. Fisk, 15 N. D. 219, 107 N. W. 191; 19 C. J. 745. Whatever rights, if any, respondents may have to seek relief in a court of equity, the reasons which they urge in their briefs are inadequate; nor has our own research discovered a reason which would make their pleadings sufficient to state a cause of action.

The orders appealed from must therefore be, and they are, reversed.

POLLEY, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.

CAMPBELL, J., concurs in result.