In Re Matter of Drainage Ditch No. 1 and 2.

BRUCE, Appellant, v. BOARD OF CO. COMMISSIONERS OF MINNEHAHA COUNTY, Respondents.

(229 N. W. 932.)

(File No. 6805. Opinion filed March 21, 1930.)

*Bogue & Bogue,* of Parker, for Appellant.

*E. O. Jones* and *N. B. Bartlett,* both of Sioux Falls, for Respondent.

POLLEY, J. This case grows out of the drainage ditch proceedings that were involved in Chicago, R. I & P. Ry. Co. v. Risty (D. C.) 282 F. 364; Id. (C. C. A.), 297 F. 710; Id., 270 U. S. 378, 46 S. Ct. 236, 70 L. Ed. 641; Gilseth v. Risty, 46 S. D. 374, 193 N. W. 132; also State v. Risty, 51 S. D. 336, 213 N. W. 952; and reference is made to those cases, and especially to State v. Risty, for a detailed statement of the facts involved.

On the 1st day of August, 1927, the board of county commissioners of Minnehaha county made and entered an order fixing the apportionment of benefits to be assessed against each tract of land within the drainage district. Appellant took an appeal from this order to the circuit court. The circuit court affirmed the order, and appellant appeals to this court.

After a careful examination of the record on this appeal, we are of the opinion that all the questions, with possibly one exception, that are presented here, were presented and definitely decided by this court in State v. Risty, supra, and it would serve no useful purpose to review or pass upon them again.

The exception above mentioned grows out of the following situation. On the 8th day of March, 1919, a resolution was adopted by the board fixing a tentative apportionment of the benefits to be assessed against the various tracts of land involved, and fixing the hearing of said apportionment for the 25th day of April,

1919. On this date, appellant filed a protest setting out various reasons why such apportionment should not be made and on the hearing the protestants prevailed and the said tentative apportionment was abandoned. Thereafter, and on the 10th day of June, 1921, the board again fixed a tentative apportionment, and gave notice that such apportionment would be brought on for hearing on the 1st day of August, 1921. No protests were filed against this apportionment at that time and on said date the board met, but, because of certain injunction suits that had been commenced, the board adjourned to a future date without acting on the apportionment. The meeting was thereafter adjourned from time to time to the 9th day of July, 1927, when the board met and adopted the apportionment as set out in the resolution that had been adopted on the 10th day of June, 1921. On July 9, 1927, appellant appeared in person and by counsel and filed a protest and claimed the right to be heard in opposition to the tentative apportionment. The board refused to hear them because they had failed to file a protest on or prior to the day fixed in the notice for the hearing, namely, the 9th day of July, 1921. Appellants claimed they were entitled to be heard, first, because they had filed a protest, meaning the protest that had been filed on the 25th of April, 1919, and, second, because they had a right to appear and be heard at any time before the apportionment was finally adopted. Appellants are wrong in both these contentions. In State v. Risty, supra, we held that the appellants having failed to file a protest on or before the first day of August, 1921, they were deemed to have waived the right to appear or protest and were not entitled to be heard.

The protest appellants claim to have filed is the protest that was filed on the 8th day of March, 1919. This protest was considered on the 25th day of April, 1919. But this protest was a protest against the tentative apportionment that was made on the 8th day of March, 1919. On the hearing, this apportionment was abandoned and no other or further proceedings ever taken thereunder. The apportionment that was acted upon the 9th day of July, 1927, is the one that was made on the 10th of July, 1921, and against which no protest was filed until long after the time fixed for that purpose, and appellants were not entitled to be heard. State v. Risty, supra.

No good reason has been made to appear on this record why

we should overrule State v. Risty, and without overruling that case no relief can be granted in this.

The judgment appealed from is affirmed.

BROWN, P. J., and SHERWOOD and BURCH, JJ., concur.

CAMPBELL, J. (dissenting). The same views of the law which prevented my concurrence with the majority in State v. Risty, 51 S. D. 336, 213 N. W. 952, render my concurrence herein impossible, and I must therefore respectfully dissent.