DRAINAGE DITCH NO. 1 & NO. 2, Appellant, v. C., M. & ST. P. RY. CO., Respondent.

(231 N. W. 531.)

(File No. 6820. Opinion filed June 24, 1930.)

154

*E. O. Jones,* of Sioux Falls, and *N. B. Bartlett,* of Morton, for Appellant.

*Bailey & Voorhees,* of Sioux Falls, *Hepperle & Fuller,* of Aberdeen, and *O. W. Dynes,* of Chicago, Ill., for Respondent.

POLLEY, J.   This is another of the so-called Minnehaha county ditch cases that have been vexing the courts, state and federal, for more than fifteen years.   Some of the cases involving this same ditch project are: Chicago, R. I. & P. Ry. Co. v. Risty (D. C.) 282 F. 364; Id. (C. C. A.) 297 F. 710, and 270 U. S. 378, 46 S. Ct. 236, 70 L. Ed. 641; Gilseth v. Risty, 46 S. D. 374, 193 N. W. 132, also State v Risty, 51 S. D. 336, 213 N. W. 952; and Bruce, as Administrator, v. Board of County Commissioners, 56 S. D. 569, 229 N. W. 932.   The principal facts involved will be found in these cases, and especially in State v. Risty, to which reference is made for a statement of the facts involved in this case. But this case contains some features not involved in any of the previous cases.

Going back to the tentative apportionment of benefits that was made by the board on the 10th day of June, 1921, (see State v. Risty, supra), and the notice that said tentative apportionment would be brought on for hearing on the 1st day of August, 1921, the respondent the C., M. St. P. & P. Ry. Co., to he bereinafter

referred to as the company, did not file any protest or remonstrance, but with some five or six other companies commenced suits in the federal court for the purpose of enjoining the board from making final the said tentative apportionment, or making a levy on the company's property in accordance therewith. In these actions the federal District Court found and decreed that the drainage ditch No. 1 and 2 was not a new or independent ditch project; but was merely a project for the repair and maintenance of the two original ditches, No. 1 and ditch No. 2. The court also decreed that for the repair and maintenance of the said ditches the board had no right to apportion benefits to, or levy assessments against, property not included in the said original projects. The court then entered a permanent injunction restraining and enjoining the board from apportioning benefits to, or levying assessments against, any of the company's property that was not included in the two original drainage districts. These decrees did not purport to prevent the board from apportioning benefits to, and levying an assessment against, the company's property within the limits of the original districts, and in the case of this respondent the decree expressly reserved to the company the right to object to the apportionment against the property within the two original districts. From these decrees the board appealed to the Circuit Court of Appeals for the Eighth circuit, where the decrees of the district were affirmed. The board then appealed to the Supreme Court of the United States where the lower court was again affirmed and the said decrees became final. These decrees became the fixed law of the cases, and any further proceedings in the matter must be in conformity therewith.

When the board finally met on the 9th day of July, 1927, to act on the tentative apportionment that was made on the 10th day of June, 1921, it did not apply said apportionment to the company's property that was included in the two old drainage districts, but instead made an arbitrary levy against the company's property of 10.84 per cent of the entire cost of the new project. The reason for adopting this particular figure grows out of the following circumstances: Along in 1910, or 1911, when the work on drainage ditch No. 2 had been completed, the board, by resolution, made a tentative apportionment of benefits to the company's property, and gave notice of the time when said apportionment

would be brought on for hearing. Before the date set for such hearing the company commenced an action in court to restrain the making of such apportionment. While this action was pending, the parties agreed upon the sum of $8,500 as the amount that the company ought to pay, and this sum was paid. By computation it was found that this amount equaled 10.84 per cent of the total cost of the construction of drainage ditch No. 2. The board reasoned that, the company having agreed that it should pay 10.84 per cent of the cost of the construction of ditch No. 2, it ought to pay the same percentage of the cost of the new project. From this apportionment the company appealed to the circuit court. The circuit court reversed the order appealed from, and, from the judgment of the circuit court and an order denying the board's motion for a new trial, the board appeals to this court.

The board was without any warrant on authority to make the apportionment it did. In the first place there is nothing in the record to indicate that 10.84 per cent of the cost of the entire project was the amount that the company should pay, and in the second place the board, in the absence of the company, had no right or authority to make an apportionment different from the tentative apportionment made on the 10th day of June, 1921, but limited to the area included in the original drainage districts No. 1 and No. 2.

As above stated there was nothing in the decree of the federal courts that prevented the board from making an apportionment of benefits to the property included in the two old drainage districts.

The company nowhere claims that its property was not benefited by the work that was done under the new project, nor does it anywhere intimate that it is unwilling to pay its just proportion of the cost of the new project. Indeed counsel for the company, in their brief, say: "So far as the properties situated within the original assessment areas were concerned, the board possessed the right under both the federal and state decisions to proceed in accordance with the provisions of the South Dakota drainage statute and make an apportionment of benefits."

And again: "All that the decrees of the federal courts do is to adjudicate that certain property cannot be assessed for the construction of drainage works in Drainage Ditch No. 1 and 2. So far as the property here is concerned, the federal court decrees

allow the Board to proceed in accordance with the South Dakota drainage statute and with the holdings of this court."

This being the case the trial court should, on its own motion, have proceeded under the provisions of section 8488, Rev. Code 1919, and made the proper apportionment and assessment. This section of the Code reads as follows: "Any defect or irregularity not affecting the substantial rights of parties interested, occurring in any drainage proceeding, shall be disregarded in any action seeking to avoid an assessment or cancel, annul or declare void any such proceeding. And in case the defect is substantial the court shall of its own motion determine the rights of the parties, validate the proceedings and assess the costs as justice may require, if the court shall find cause for such validation or such action should have been taken in the first instance and all parties interested are before the court."

The attempt to make apportionment in the manner adopted by the board constituted a substantial defect. The court had jurisdiction of both the parties and the subject-matter. The parties were all in court. Under the provisions of section 8488, it was the plain duty of the trial court to have determined the rights of the parties, and make an assessment accordingly.

The judgment and order appealed from are reversed; the cause will be remanded to the trial court, with directions to make an apportionment of benefits, and levy an assessment in conformity with this opinion. No costs will be taxed in this court upon this appeal.

BROWN, P. J., and SHERWOOD and BURCH, JJ., concur

CAMPBELL, J., dissents.