DRAINAGE DITCH NO. 1 AND 2 v. C. M. & ST. P. RY. CO.

(236 N. W. 372.)

(File No. 6820.   Opinion filed May 4, 1931.)

For former opinion, see 231 N. W. 531.

*E. O. Jones,* of Sioux Falls, and *N. B. Bartlett,* of Martin, for Appellant.

*Bailey & Voorhees,* of Sioux Falls, *Hepperle & Fuller,* of Aberdeen, and *O. W. Dynes,* of Chicago, Ill., for Respondent.

POLLEY, P. J.   This matter is before the court on rehearing. The opinion was filed on the 24th day of June, 1930, and is reported in 57 S. D. 152, 231 N. W. 531. The rehearing was asked for and granted on the ground, as claimed by the appellant, that the assessment of benefits against the respondent's property should have been made under the provisions of section 8470, Rev. Code 1919, rather than under the provisions of section 8488. Section 8470 reads as follows: "For the cleaning and maintenance of any drainage established under the provisions of this article, assessments may be made upon the landowners affected in the proportions de-

termined for such drainage at any time upon the petition of any person setting forth the necessity thereof, and after due inspection by the board of county commissioners. Such assessments shall be made as other assessments for the construction of drainage, certificates may be issued thereon and such assessments and certificates shall be liens, interest-bearing, perpetual and enforcible, in all respects as original assessments and may be sold at not less than par by the board of county commissioners, turned over to persons contracting for such cleaning and maintenance, or may be collected directly by the board of county commissioners."

But in this case no assessment was paid. The parties in interest agreed upon a lump sum regardless of the percentage of the cost of construction that such sum might be. The amount so agreed upon happened to be 10.84 per cent of the original cost of the construction of ditch No. 2, but this does not indicate that the respondent ought to pay 10.84 per cent of the cost of the construction of ditch No. 1 and 2. The amount so arrived at might be more or less than respondent ought to pay. We know of no way of arriving at the correct amount other than for the trial court to determine the same under the provisions of section 8488. Therefore we adhere to the conclusion reached in our former opinion.

The judgment and order appealed from are reversed.

ROBERTS and WARREN, JJ., concur.

CAMPBELL and RUDOLPH, JJ., not sitting.