## SOLIAH *v.* HESKIN ET AL., DRAIN COMMISSIONERS OF TRAILL COUNTY, NORTH DAKOTA.

### ERROR TO THE DISTRICT COURT OF TRAILL COUNTY, STATE OF NORTH DAKOTA.

No. 76. Argued December 5, 1911.—Decided January 9, 1912.

The Fourteenth Amendment does not deprive a State of the power to determine what duties may be performed by local officers, nor whether they shall be appointed, or elected by the people.

The Fourteenth Amendment does not invalidate an act authorizing an appointed board to determine whether a proposed drain will be of public benefit, and to create a drainage district consisting of land which it decides will be benefited by such drain, and to make special assessments accordingly, if, as in this case, notice is given and an opportunity to be heard afforded the landowner before the assessment becomes a lien against his property.

The Fourteenth Amendment does not deprive a State of the power to compel a township, as one of its political subdivisions, to levy and collect taxes for the purpose of paying the amount assessed against such township for the public benefits accruing from the construction of the drain.

THE facts are stated in the opinion.

*Mr. Edward Engerud*, with whom *Mr. P. G. Swenson* was on the brief, for plaintiffs in error.

The court declined to hear further argument, but *Mr. J. S. Watson* filed a brief for defendants in error.

Memorandum opinion by direction of the court. MR. JUSTICE LAMAR.

Under the North Dakota statute (ch. 23, Political Code; Rev. Codes 1905) the County Commissioners are authorized to appoint a Drainage Board in each county. On the petition of six persons, owning land to be affected, or of a sufficient number to show a public demand where the drain is intended to benefit a township, the board makes a preliminary examination. If it finds that the drain is for the public good and will cost less than the benefits, "notice containing a copy of the petition is published and an opportunity to be heard upon the matters pertaining thereto afforded the owners of all lands to be affected." "If it shall appear that there was sufficient cause for the making of such petition, and that the proposed drain will not cost more than the amount of the benefit," the board shall establish the drain. Their assessment of benefits is subject to review, but, when confirmed, is final, and is then extended on the tax list and collected as other taxes—the amount assessed to any township is required to be included in its first general tax levy thereafter.

The plaintiffs in error, owning land in Mayville and Morgan Townships, North Dakota, brought proceedings to enjoin a Drainage Board appointed by County Commissioners from making and collecting special assessments against plaintiffs in error and the townships for their proportion of the cost of a drain ordered to be constructed.

The Supreme Court of the State held that, while taxes could only be levied by elected officers, special assessments

for benefits conferred by such drains might be imposed by appointed officers, and that the statute afforded due process of law. So far as the Federal questions are concerned, the judgment must be affirmed. For—

1. The Fourteenth Amendment does not deprive a State of the power to determine what duties may be performed by local officers, nor whether they shall be appointed, or elected by the people. *Dreyer* v. *Illinois*, 187 U. S. 71; 83; *Prentis* v. *Atlantic Coast Line R. R.*, 211 U. S. 210; *County of Mobile* v. *Kimball*, 102 U. S. 691, 706; *Fallbrook District* v. *Bradley*, 164 U. S. 112, 167.

2. Neither does that Amendment invalidate an act authorizing an appointed board to determine whether a proposed drain will be of public benefit, and to create a drainage district consisting of land which it decides will be benefited by such drain, and to make special assessments accordingly, if, as here, notice is given and an opportunity to be heard afforded the land owner before the assessment becomes a lien against his property. *Ibid.*

3. Nor does that Amendment deprive a State of the power to compel a township, as one of its political subdivisions, to levy and collect taxes for the purpose of paying the amount assessed against such township for the public benefits accruing from the construction of the drain. *Ibid; Bauman* v. *Ross*, 167 U. S. 548, 589–593; *County of Mobile* v. *Kimball*, 102 U. S. 691, 703–704.

*Affirmed.*