BLACK MARSH DRAINAGE DISTRICT *v.* ROWE.

1. DECLARATORY JUDGMENT — PARTIES — DRAINS — CONSTITUTIONAL LAW.

The joinder, as plaintiffs, of cities, served by open drain that plaintiff intracounty drainage district was created to tile, and, as defendants, taxpayers, individually and as representing classes of persons owning property in the cities subject to assessments at large but not served by the drain, and county, State highway commissioner and construction contractor presented proper parties to suit for declaratory decree as to constitutionality of statute under which the district was created and the tiling operation was to be effected (PA 1956, No 40, §§ 461–489).

2. DRAINS—PUBLIC HEALTH.

Drain project whereby an open drain, located within 1 city and serving such city and an adjoining city, was to be tiled *held,* in proceedings for declaratory decree, necessary for the public health, where drainage board's finding to such effect is supported by competent testimony (PA 1956, No 40, §§ 461–489).

3. STATES—CREDIT—MUNICIPAL CORPORATIONS.

The express limitation by the Constitution on the power of the State with reference to lending its credit to any public or private person, association or corporation applies with equal force to municipalities of the State (Const 1908, art 10, § 12).

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur, Declaratory Judgments §§ 55–61.
[4] 37 Am Jur, Municipal Corporations § 119.
[5] 37 Am Jur, Municipal Corporations § 288.
[6] 17A Am Jur, Drains and Sewers §§ 5–7.
[7] 16 Am Jur, Declaratory Judgment § 75.

4. MUNICIPAL CORPORATIONS—CREDIT—TAXATION.

No city has power to loan its credit or assess, levy or collect any tax or assessment for other than a public purpose (Const 1908, art 8, § 25).

5. CONSTITUTIONAL LAW—POLICE POWER—PUBLIC HEALTH.

The protection of the public health is a matter of governmental concern and within the scope of the police power.

6. DRAINS—PUBLIC CORPORATIONS—PUBLIC HEALTH—POLICE POWER.

The construction of an intracounty drain under provisions of drain code empowering cities and other public corporations to engage in such projects where necessary for the public health and assess the cost thereof wholly against such public corporations, including property not directly benefited by the drain, is for the protection of the public health, a public purpose and within the functions of government under the police power (Const 1908, art 8, §§ 20, 21, 25; PA 1956, No 40, §§ 461–489).

7. COSTS—PUBLIC QUESTION—CONSTITUTIONAL LAW—DRAINS.

No costs are allowed in suit to obtain a declaratory decree as to the constitutionality of provisions of the drain code, where questions of public concern are involved (PA 1956, No 40, §§ 461–489).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted November 21, 1957. (Docket No. 100, Calendar No. 47,589.) Decided December 24, 1957.

Bill by Black Marsh Drainage District, a semi-public corporation, various members of its board, the City of Grosse Pointe Woods and the City of Harper Woods, municipal corporations, against Paul W. Rowe and 11 other taxpayers, individually and as a class, the County of Wayne, the State Highway Commissioner, and the Michigan Sewer Construction Company, a Michigan corporation, for declaratory decree determining necessity of drainage project and the constitutionality of assessments at large and ad valorem tax to defray costs thereof. Decree for plaintiffs. Defendants appeal. Affirmed.

*Berry, Stevens & Moorman* (*Claude H. Stevens,* of counsel)', for plaintiffs Drainage District and Drainage Board.

*Julius L. Berns,* City Attorney, for plaintiff City of Grosse Pointe Woods.

*Samuel S. Platt,* City Attorney, for plaintiff City of Harper Woods.

*Joel K. Underwood,* for individual defendants.

*Thomas M. Kavanagh,* Attorney General, *Joseph A. Sullivan,* Deputy Attorney General, *Samuel J. Torina,* Solicitor General, and *Samuel D. Frane,* Assistant Attorney General, for defendant State Highway Commissioner.

*Samuel H. Olsen,* Prosecuting Attorney, and *Hobart Taylor, Jr.,* and *David E. Flayer,* Assistant Prosecuting Attorneys, for defendant County of Wayne.

*Clark, Klein, Brucker & Waples,* for defendant Michigan Sewer Construction Company.

SHARPE, J.   Plaintiffs filed a bill in the circuit court of Wayne county for a declaratory decree* in which the following questions are involved:

"1. Is the Black Marsh drain project necessary for the public health?

"2. Do the provisions of chapter 20 of the drain code of 1956 contravene the provisions of section 25 of article 8 and section 12 of article 10 of the Michigan Constitution (1908) in that they require each city and township to levy a tax for a private rather than a public purpose?

---

* See PA 1929, No 36 (CL 1948, § 691.501 *et seq.* [Stat Ann § 27.501 *et seq.*]).—REPORTER.

"3. Do the provisions of chapter 20 of the drain code of 1956 relating to assessments at large against public corporations and the levy of ad valorem taxes to pay the same, contravene the provisions of section 16 of article 2 of the Michigan Constitution (1908) in that they constitute a taking of property without due process of law as to those taxpayers whose lands are not in the drainage area to be served?

"4. Do the provisions of chapter 20 of the drain code of 1956 and especially the tax requirements thereof, contravene the home-rule powers given to cities and villages under sections 20 and 21 of chapter [article ?] 8 of the Michigan Constitution (1908) in that they interfere with matters of local municipal concern?"

On or about June 24, 1955, the city of Harper Woods and the city of Grosse Pointe Woods filed a petition under chapter 18A of PA 1923, No 316, as amended* (former drain code), for the tiling of the Black Marsh drain (an open Wayne county drain) between the Cook road and the southerly line of private claim 577, with the necessary changes in depth between said termini. In 1956 the legislature enacted a new drain code known as "the drain code of 1956," PA 1956, No 40 (CLS 1956, § 280.1 *et seq.* [Stat Ann 1956 Drain Code Supp § 11.1001 *et seq.*]).† In the new code the former chapter 18A was reenacted without material change as chapter 20.

On June 24, 1955, the drainage board for the Black Marsh drain, consisting of the Wayne county drain commissioner, the chairman of the Wayne county board of supervisors and the chairman of the Wayne county board of auditors, adopted a resolution determining that it had become necessary for the public

---

* See CLS 1954, § 278A.1 *et seq.* (Stat Ann 1952 Rev and Stat Ann 1955 Cum Supp § 11.147[1] *et seq.*).—REPORTER.

† Chapter 20 is contained in CLS 1956, §§ 280.461–280.489 (Stat Ann 1956 Drain Code Supp §§ 11.1461–11.1489).—REPORTER.

health to tile that portion of said drain between Cook road and the southerly line of private claim 577, with the necessary changes in depth between said termini; continuing the name "Black Marsh drain" as the name of the drain so improved, and giving the name "Black Marsh Drainage District" as the name of the drainage district.

The 12 individual defendants are taxpayers in the city of Grosse Pointe Woods and in the city of Harper Woods, respectively. The properties which they own lie outside the areas to be served by the Black Marsh drain. These 12 defendants, 6 from Grosse Pointe Woods and 6 from Harper Woods, are named in plaintiffs' petition individually and as class representatives. An order for the publication of notice of this action was made by Circuit Judge Frank B. Ferguson, and between September 4, 1957, and September 19, 1957, was published for 3 weeks in each the Grosse Pointe Press and the Harper Woods Herald. On August 21, 1957, the 6 taxpayer defendants from Grosse Pointe Woods and the 6 taxpayer defendants from Harper Woods filed separate written protests with the drainage board, protesting the assessment of the cost of tiling the Black Marsh drain against their respective properties, in which protest certain reasons are set forth. Said protests raise the questions which are involved in this action.

The cost of the Black Marsh drain project has been apportioned as follows:

"State of Michigan, on account of
drainage of State highways                  .861017%
"County of Wayne, on account of
drainage of county highways               1.867492%
"City of Grosse Pointe Woods            96.084779%
"City of Harper Woods                        1.186712%
                                                        ─────────────
                                                        100.000000%"

At the trial of this action Lyle E. Miller, deputy drain commissioner for Wayne county, testified that bonds have to be sold in order to obtain the money with which to finance the construction of the Black Marsh drain project. Julius Pochelon of the firm of Kenower, MacArthur & Company, financial consultants to the drainage board for the Black Marsh drain, testified that it would not be possible to sell bonds for the Black Marsh drain project until the validity of the act is settled, and that he had so advised the drainage board for the Black Marsh drain.

The plaintiffs presented at the trial, from witnesses Pate, Koppin, Johnston, McNutt, Grossel, Connor, Adelson, and Richmond, testimony to the effect that the tiling of the Black Marsh drain was necessary for the public health.

For other facts relevant to the issues involved see *Connor* v. *Herrick,* 349 Mich 201.

The above case was instituted by Edward Connor and Charles F. Edgecomb, members of the drainage board for the Black Marsh drain, and Michigan Sewer Construction Company, a Michigan corporation, against Henry V. Herrick, chairman of the drainage board for the Black Marsh drain, for writ of mandamus to compel the execution of a construction contract. The writ was denied by an equally divided court. The justices opposing the granting of the writ were of the opinion that our Constitution does not authorize the issuance of the writ for determination in nonadversary proceedings raised solely to assist immediate sales of municipal bond-products. In the present case the defendants named in the cause are as follows:

"The defendants, William R. Baiocchi, Clarence Bessert, Russell M. Harkness, Clifford B. Loranger, Paul W. Rowe, and Edward J. Russell, are taxpayers in the city of Grosse Pointe Woods, and that the

property which they own in said city lies outside of the area to be drained by the Black Marsh drain. That the defendants Eugene C. Wexelberg, Joseph Amorello, Anthony Balchunas, Ronald F. McIsaac, Leo A. Watson, and Carson Shirley, are taxpayers in the city of Harper Woods and that the property which they own in said city lies outside of the area to be drained by the Black Marsh drain. That the said taxpayers in the city of Grosse Pointe Woods and the said taxpayers in the city of Harper Woods, are made defendants herein not only individually but as representatives of all other taxpayers within said respective municipalities. That the State highway commissioner and the county of Wayne are made parties defendant in this action because of the fact that a small part of the cost of the Black Marsh drain project has been apportioned to them and because they have refused to join as parties plaintiff stating that they were not among the petitioners for the project and that their interest is not sufficiently large to justify their active participation as parties plaintiff. That the defendant Michigan Sewer Construction Company, a Michigan corporation, is made defendant herein because of the fact that it was the lowest bidder for the tiling of the Black Marsh drain."

The objection raised in the initial case of proper parties being represented is now cured by the parties named as defendants in the case at bar. The cause came on for trial, and at its conclusion the trial court stated:

"It appears to the court that under the testimony and under the exhibits introduced in evidence that there has been a finding by the drainage board for the Black Marsh drain that it is necessary to tile the same for the benefit of the public health of the citizens of the community. There has been no testimony to the contrary.

"In this type of a case the court cannot set aside the board's finding if it is based upon any competent

testimony. It is only when there is a total lack of testimony or a clear abuse of the discretion given to the board as to finding necessity that the court can interfere.

"Therefore we have a finding of public necessity for the public health."

A declaratory decree was entered granting the relief prayed for by plaintiffs.

We conclude that the drain project is necessary for the public health.

Edwin H. Pate, a witness for plaintiffs, testified:

"The conditions which are objectionable from a health standpoint by reason of the open Black Marsh drain, are that we have rats and mosquitos; and that the polluted water in the Black Marsh drain becomes stale because of the low gradient from the Black Marsh drain out to the lake, and when a storm subsides the water settles down to a very flat gradient, and until another storm comes along it has no way of being discharged or pushed out into Lake St. Clair, so consequently becomes stale. During heavy storms we are subject to flooding of basements and when that occurs the water is mostly stale water, but it is polluted because it has sanitary mixed with it. During those periods of heavy storms no water is being discharged into the Wayne county sanitary interceptor. All of it has to go into the open ditch through the pumping stations. With the enclosing of the Black Marsh drain we can eliminate all of those things except possibly in an extremely heavy storm with a frequency of say something about 10-years' average. * * *

"Presently during a storm, the sewage that gets into the Black Marsh drain and the Milk River drain is not treated. I would say that in event of a storm, the storm water and raw sewage in the Black Marsh drain would average around 5 or 6 feet in depth. That is dangerous for children playing along the banks. The contemplated improvement would do away with this situation completely."

Kenneth Koppin, a witness for plaintiffs, testi-fied:

"As mayor I feel that this project is necessary for the health of the community and that is the feeling of all the members of the council. I feel that this improvement will remove the objectionable condi-tions that exist by reason of the open Black Marsh drain. The council has refused to approve subdivi-sions because of the drainage problem and the health problem. I have personal knowledge of flooding in my basement and the basements of other people, of the rat situation and of the odor. The odor is so bad in some areas that at times people must close their windows in summer to be able to stay in their homes. My basement has flooded on 2 occasions. I am personally quite concerned with the children. The open ditch is a magnet to small children. I think we are very fortunate we haven't had an acci-dent. I feel that this improvement is necessary for the preservation of the health of the residents of the community."

The other questions raised in this cause have been fully answered in the opinion of Mr. Justice CARR in the case of *Connor* v. *Herrick,* 349 Mich 201, 211, to which reference is made and adopted as a part of this opinion.

The decree is affirmed. No costs are allowed as the questions involved are of public concern.

DETHMERS, C. J., and SMITH, EDWARDS, VOELKER, KELLY, and CARR, JJ., concurred.

BLACK, J., did not sit.