.CITY OF MADISON HEIGHTS *v.* TWELVE TOWNS
RELIEF DRAINS DRAINAGE BOARD.

1. JUDGMENT—PARTIES—INTERVENTION.

A governmental unit, such as plaintiff city, which had been granted leave to intervene in an earlier case reviewing the validity of a large intercommunity drainage system, is considered as an intervening party bound by the adjudication made therein as to tentative apportionment of costs notwithstanding it filed no further pleadings than petition to intervene as a party defendant along with the drainage board and concurred in brief, filed by principal defendants.

2. SAME—PARTIES—RES JUDICATA.

A determination, made by the trial court in an earlier proceeding in which plaintiff herein was an intervening defendant, approving formula used for apportioning costs of drain but from which no appeal was taken, although it might have been, was determinative of the issue.

3. DRAINS—APPORTIONMENT OF COSTS—JUDICIAL REVIEW.

Parties affected by order apportioning costs of drain have but 1 opportunity for judicial review of the drainage board's apportionment, a right limited by statute to certiorari brought within 20 days after filing final order of apportionment (CLS 1956, § 280.483).

Appeal from Oakland; Beer (William John), J. Submitted June 9, 1960. (Docket No. 36, Calendar No. 48,659.) Decided December 1, 1960. Rehearing denied January 9, 1961. Application for certiorari filed in the Supreme Court of the United States March 29, 1961.

Certiorari by the City of Madison Heights, a municipal corporation, against the Drainage Board for

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 30A Am Jur, Judgments § 396.
[3] 17A Am Jur, Drains and Sewers § 88.

the Twelve Towns Relief Drains, Daniel W. Barry, its chairman, and Delos Hamlin and Robert Y. Moore, members, challenging validity of apportionment of costs for drain construction. Determination of board, as it applied to allocation of costs to plaintiff city, quashed. Defendants appeal. Reversed and remanded for dismissal of writ.

*H. Eugene Field* (*Harry N. Dell,* of counsel), for plaintiff.

*Norman R. Barnard,* Oakland County Corporation Counsel, *Charles A. Davis* and *Robert P. Allen,* Assistants Corporation Counsel (*Claude H. Stevens,* of counsel), for defendants.

DETHMERS, C. J.   Background information is to be found in this Court's opinion in the combined cases of cities of *Southfield* and of *Troy* y. *Drainage Board,* 357 Mich 59. The petition for establishment of the system of relief drains, therein involved, was signed for a number of cities and townships, including the township of Royal Oak. Since then, but during pendency of those suits, that township was reduced in size by the incorporation, out of a portion of its territory, of the city of Madison Heights, plaintiff herein. After that city's incorporation it filed petitions for leave to intervene in those suits as party defendant, and orders entered accordingly. After that it filed no pleadings therein. At the opening of the trial, however, its attorney stated, in open court, that he might or might not be present at all times but that he would have no objections to the trial proceeding in his absence. On the appeal here in those cases the city attorney of plaintiff herein was listed in the appendices as one of the attorneys, and he noted his concurrence in the brief filed therein for the principal defendants.

At the conclusion of the trial court's opinion in those 2 cases appears language, not contained in its decrees, as follows:

"That further notice be given the public corporations constituting the Twelve Towns System prior to the hearing of objections to the tentative apportionments, and the making of the 'final order of apportionment.' "

The trial court's decrees, however, contained the following:

"That the tentative apportionment of cost of the Twelve Towns Relief Drains among the several public corporations, as set forth in resolution of the drainage board adopted on September 25, 1957, was not an abuse of the discretion lodged in the drainage board and that there was nothing illegal in the method used in arriving at such apportionments."

As may be gathered from that decretal provision, the drainage board, before trial and decision in those cases, had made a computation and tentative apportionment of the costs of the drain among the several units of government involved, including this plaintiff, on the basis of a definite formula. From that provision of the decrees, approving the same, no appeals were taken nor was any question about the same raised on the appeal by any of the parties.

After our decision in those cases, because of increased cost estimates attending the delay occasioned by that litigation, the drainage board caused a new statement to be prepared computing the drain costs and apportioning the same among the several units on the basis of the same formula previously approved by the mentioned decrees. Because certain changes had occurred in the interim in municipal and highway areas affected, the percentage of the cost apportioned, in the new statement, to plaintiff was decreased from the 6.338+% in the first tentative ap-

portionment to 6.048+% in the latter. This new apportionment was adopted, tentatively, by the board, which set a date of hearing thereon. At that hearing plaintiff alone objected to the apportionment. Its objection was directed only to the formula used as a basis for apportionment. The board determined that the objection was not well founded and confirmed the tentative apportionment.

Plaintiff brought certiorari in circuit court. That court sustained plaintiff's contention that the formula employed by the board was invalid, particularly because, as the court found, it did not comply with statutory requirements (PA 1956, No 40, § 468 [CLS 1956, § 280.468, as amended by PA 1957, No 37, Stat Ann 1960 Rev § 11.1468]) that the apportionment shall be made on the basis of benefits to accrue to plaintiff and the other affected governmental units and of the extent to which plaintiff and the others contribute to the conditions making the drain necessary.

Defendant drainage board appeals here, contending, *inter alia,* that the decisions in *Southfield* and *Troy* are *res judicata* of the legality of the formula used by the board, which is the sole object of attack by plaintiff in this case.

Plaintiff rejects defendant's claim of *res judicata* on the ground that it was not a party to nor an intervenor in the *Southfield* and *Troy Cases* because it filed no formal pleadings therein after the court had granted it leave to intervene. The extent of plaintiff's participation in the cases, as above noted, persuades us that plaintiff must be considered to have been an intervening party. Plaintiff says that it and other units had no lawful right to intervene. There is no support for this in the holding in *City of Grand Rapids* v. *Consumers Power Co.,* 216 Mich 409, that one who is a taxpayer of a city and consumer of electricity is not, by reason of such facts, one possessed

of "an interest in the litigation" brought by the city against defendant utility to enforce certain rates for electricity, such as to entitle him to intervene. Here, as appears clearly enough from plaintiff's petition to intervene, plaintiff did have an interest in the litigation, alleging that it was a matter of vital interest to it that the drainage system be constructed with all possible speed, that the health, welfare, and safety of its citizens were involved because of the inadequacy of existing drains, that it would be bearing a large portion of the costs of the new drain and therefore had a direct interest in the litigation and that it wished to intervene so it might assert its rights in the suit, ostensibly, to have the drains constructed as by the defendant drainage board proposed. Its interests were thus identified with those of the defendant drainage board, warranting its intervention as a party defendant, but at the same time, particularly as relates to apportionment by the board of the costs of the drain, plaintiff had an interest in which it was not represented by the board as the taxpayer was held to have been represented by the city or city attorney in *City of Grand Rapids* v. *Consumers Power Co., supra.* We hold that plaintiff could be and was an intervenor in the *Southfield-Troy Cases* and is bound by the decisions therein.

Plaintiff further denies defendants' claim of *res judicata* on the ground that this Court did not approve the formula here involved in our opinion and decision in *Southfield-Troy*. It was so approved by the trial court. Appeal might have been taken from that holding but was not. It was not reversed by this Court and, therefore, remains determinative of the issue. The statement in the trial court's opinion, not contained in its decrees, that further notice should be given to the units involved prior to holding a hearing on objections to the tentative apportionment and making it final, in no wise diminishes

the effectiveness of the decretal provision upholding the legality of the apportionment formula. Hearing on the first tentative apportionment had been set before the *Southfield-Troy* suits but had been enjoined therein. The trial court's reference, in its opinion, to a hearing to be held on objections to the tentative apportionment no doubt was made in recognition of the fact that such hearing had been enjoined and, hence, still needed to be held and also, perhaps, of the further fact that changes might have occurred since such enjoining, as they did, in cost estimates and areas affected, requiring a new computation and tentative apportionment and a hearing thereon. Nothing in this entitled plaintiff to 2 judicial determinations of the validity of the apportionment formula.

Plaintiff points to the provisions of CLS 1956, § 280.483 (Stat Ann 1960 Rev § 11.1483), which reads:

"Neither the final order of determination nor the final order of apportionment shall be subject to attack in any court, except by proceedings in certiorari brought within 20 days after the filing of such order."

It urges that this language expressly permits plaintiff to bring certiorari within 20 days after the final order of apportionment, which was made since the 2 cases were disposed of here. We do not view that language as a grant but rather as a limitation on the right to certiorari. Be that as it may, no more can be said of the statute than that it evidences a legislative intent that affected parties should have 1 opportunity for judicial review of the board's apportionment. There is nothing in the statute, nor in common sense or a regard for fairness or due process, calling for 2 such opportunities concerning the same question, that being, here, the validity of the apportionment formula.

Reversed and remanded with directions to enter an order dismissing. Costs to defendants.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.