646

FAIR DRAIN TAXATION, INC., a non-profit Michigan Corporation, et al.,
Plaintiffs,

v.

CITY OF ST. CLAIR SHORES, MICHIGAN, a Michigan Municipal Corporation, et al., Defendants.

Civ. A. No. 24000.

United States District Court
E. D. Michigan, S. D.

July 16, 1963.

Wilson M. Jackson, Harper Woods, Mich., William L. Sanders, Harper Woods, Mich., of counsel, for plaintiffs.

John H. Yoe, Detroit, Mich., Charles R. Moon, Dickenson, Wright, McKean & Cudlip, Detroit, Mich., of counsel, for defendants City of St. Clair Shores, Inc., Thomas S. Welsh, Bernard Kelehar, Frank Biehl and 12 Drainage Districts as Individual Bodies Corporate.

Frank J. Kelley, Atty. Gen., Maxine Boord Virtue and Gerald J. O'Reilly, Asst. Attys. Gen., Lansing, Mich., for State of Mich. and Michigan Municipal Finance Comm.

Frank J. Kelley, Atty. Gen., Louis J. Caruso and Florence N. Clement, Asst. Attys. Gen., Lansing, Mich., for John C. Mackie, State Highway Comm. of Michigan.

Alfred A. Blomberg, Civil Counsel, Ray W. McPeters, Asst. Civil Counsel,

Mount Clemens, Mich., for The County of Macomb, a Municipal Corporation.

William B. Ward, East Detroit, Mich., for the City of Roseville, a Michigan Municipal Corporation.

Chester C. Pierce, Detroit, Mich., for Wayne County Drain Comm.

Carl B. Weymouth, East Detroit, Mich., for City of East Detroit, Mich.

Before O'SULLIVAN, Circuit Judge, LEVIN, Chief District Judge and MACHROWICZ, District Judge.

MACHROWICZ, District Judge.

This is a class action instituted on behalf of the named plaintiffs of the Michigan cities of St. Clair Shores, East Detroit, and Roseville and all other similarly situated taxpayers of the State of Michigan to enjoin as unconstitutional the enforcement or the taking of any proceeding under the provisions of §§ 11.1461–11.1490 Mich.Stat.Ann., Comp. Laws Supp.1956, § 280.461–280.489 and § 280.490 as added by Pub.Acts 1957, No. 37, commonly known as and herein referred to as Chapter 20 of the Michigan Drain Code of 1956.

It may be said at the outset that litigation with respect to practically all the issues in this action has been before various courts of the State of Michigan immediately following the enactment of this legislation and continues to this day. As early as 1957, in Connor v. Herrick, 349 Mich. 201, 84 N.W.2d 427, and Black Marsh Drainage District v. Rowe, 350 Mich. 470, 87 N.W.2d 65, the Supreme Court of Michigan dealt with many of the issues presented here. See also subsequent opinions of the court of last resort of Michigan. Twp. of Southfield v. Drainage Board for Twelve Towns Relief Drains, 357 Mich. 59, 97 N.W.2d 821 (1959); City of Madison Heights v. Twelve Towns Relief Drains Drainage Board, 361 Mich. 522, 106 N.W.2d 126 (1960); In re Petition of Macomb County Drain Commissioners, 369 Mich. 641, 120 N.W.2d 789 (April 5, 1963).

The action was instituted by an original complaint filed on June 19, 1963, and pursuant to an order to show cause as to why a temporary injunction should not be issued as prayed for, a hearing on June 25, 1963, was had by this three-judge statutory court, 28 U.S.C. § 2281, 2284, and the application for a temporary injunction was denied. Because of the history of the many attacks upon this legislation in the state courts and despite the fact that no formal petition to dismiss was filed by the defendants, the court indicated that it was prepared to hear the parties on the merits of the complaint. However, plaintiffs' counsel stated that they were not prepared to discuss the merits of the complaint and asked for an adjournment to July 9, 1963, which was granted. The court, on that day, had before it a formal motion filed and served on July 1, 1963, by the defendants to dismiss the complaint and also had before it an amended complaint filed two (2) days previously with the consent of the court. Upon reviewing the amended complaint, and after a full hearing and admissions by plaintiffs' counsel, the court determined that the amended complaint did not present any new substantial matters not already included in the original complaint and proceeded to hear argument from all parties on the motion to dismiss the amended complaint.

The plaintiffs do not deny that the projected drains are essential for the health and safety of the communities of the state and they do not allege that there is fraud or other improper conduct upon the part of any state official in the performance of his duty pursuant to the responsibilities imposed by the statute. Being satisfied that this litigation is vexatious in nature and that delay in announcing judgment would further harass and impede the carrying out of commitments for the financing of drains by governmental and private agencies and consequently retard the construction of the drain improvements found to be required by appropriate authorities, the court, before the close of the day of the hearing, entered a formal order dismissing the complaint with

prejudice. The court expressed its intention to file a memorandum setting out its views with respect to the several issues raised by the plaintiffs.

Chapter 20 of the Drain Code of 1956 sets up a method by which the State of Michigan, a particular county, and the several public corporations [1] in that county may initiate by petition drain projects which are necessary for the public health and the cost of which is to be assessed wholly against the public corporations to be benefitted by the proposed drain.

Under the statute, a drain board is a legislative body created for each proposed drain. Its membership consists of the County Drain Commissioner, the Chairman of the Board of Supervisors, and the Chairman of the Board of County Auditors or of the Finance Committee of the Board of Supervisors. The drain district embraces the communities which are to be assessed for the cost of the drainage project. Pursuant to sections 467 and 469, the drainage board is to meet on two different occasions to hear objections. On the first occasion, the board is to hear any objections to the proposed drain and to the matter of assessing the cost of such drain to the designated public corporations. The statute further provides that:

"After such hearing, the drainage board shall make a determination as to the sufficiency of the petition, the practicability of the drain, whether the drain should be constructed, and if so, the public corporations to be assessed, and shall issue its order accordingly, which order shall be known as the 'final order of determination'."

and that:

"No public corporation may be eliminated from, or added to, those tentatively determined to be assessed without a rehearing after notice, as above provided." Section 467.

On the second occasion, the board is to hear any objections made to the tentative apportionment of costs among the public corporations to be assessed. After such hearing or rehearing,

"* * * the drainage board shall issue its order setting forth the several apportionments as confirmed, which order shall be known as the 'final order of apportionment.'" Section 469.

Notice for both public hearings and rehearings is provided for by sections 467 and 469;

"Notice of such hearing shall be published twice in the county by inserting the same in at least 1 newspaper published therein, designated by the drainage board, with the first publication to be not less than 20 days prior to the time of hearing. Such notice shall also be sent by registered mail to the clerk or secretary of each public corporation proposed to be assessed, except that any notice to the state shall be sent to the state highway commissioner and any notice to a county shall be sent to both the county clerk and the county road commission, if any, which mailing shall be made not less than 20 days prior to the time of hearing."

Judicial review of the final order of determination and the final order of apportionment is limited under section 483 to:

"* * * proceedings in certiorari brought within 20 days after the filing of such order in the office of the chairman of the board issuing the same. If no such proceeding shall be brought within the time above prescribed, the drain shall be deemed to have been legally established and the legality of the drain and the assessments therefor shall not thereafter be questioned in any suit at law or in equity, either on jurisdictional or nonjurisdictional grounds."

---

1. The term "public corporation" shall be deemed to include the State of Michigan, counties, cities, villages, townships, metropolitan districts and authorities created by or pursuant to state statutes. Section 11.1461(b) M.S.A.

Section 473 provides for the preparation of the special assessment roll, which assesses the estimated cost of the drain against the several public corporations in accordance with the confirmed apportionments. The drainage board is empowered to permit the payment of the estimated assessment in annual installments, not exceeding thirty.

In cases where the assessment is not paid in full, section 474 calls for an annual assessment against public corporations similar to the assessment of private property by a municipal corporation. Chapter 20 gives the assessed public corporation the choice among three ways of financing the assessment; (1) Levy an *ad valorem* tax on all property; (2) Levy a special assessment against the property receiving a special benefit, if any; and (3) Impose a connection charge. Sections 475, 490.

Chapter 20 drain proceedings in the State of Michigan have engendered considerable litigation in the state courts. The type of public improvement contemplated by Chapter 20 is one involving several public corporations and is designed to be used where it is more efficient and less expensive to incorporate a project into one large public improvement rather than to have each public corporation build its own separate smaller public improvement.

The plaintiffs allege that as citizens or taxpayers of the City of St. Clair Shores, Chapter 20 deprives them of their constitutional rights to vote on the question of whether or not the tax limitations of the City of St. Clair Shores shall be increased or otherwise changed by reason of the assessment against said city of portions of the cost of each drain project, or by reason of the obligation of the city to raise money to pay said assessment. This argument was made and rejected in Twp. of Southfield v. Drainage Board for Twelve Towns Relief Drains, 357 Mich. 59, 97 A.2d 121.

■ The plaintiffs further contend that Chapter 20 is unconstitutional because it unlawfully delegates to the City of St. Clair Shores and to the defendant drain boards and drain districts legislative and judicial powers. Chapter 20 was held constitutional in Black Marsh Drainage District v. Rowe, 350 Mich. 470, 87 N.W.2d 65. Under the 14th Amendment a legislature may either provide for the creation of a special district itself or delegate this authority to a tribunal. Fallbrook Irrigation District v. Bradley, 164 U.S. 112, 175, 17 S.Ct. 56, 41 L.Ed. 369.

■ The fact that lands in different public corporations benefitted by the same drain might and probably would be assessed at different rates presents no meritorious constitutional challenge, since many citizens in public municipalities pay at a different rate for essentially equal services due to the structure of the municipality involved. It is not unreasonable for the legislature to have created the respective drain districts embracing the municipalities to be benefitted by the drain and for such drainage districts to determine the assessments to be made upon the municipalities which have the authority to make assessments on the individual property owners.

■ Further, under the due process clause, it is clearly constitutional to levy a general *ad valorem* tax for a local improvement benefitting some lands more than others. See Fallbrook v. Bradley, 164 U.S. 112, 176, 17 S.Ct. 56, 41 L.Ed. 369; Connor v. Herrick, 349 Mich. 201, 244, 84 N.W.2d 427. (Opinion of Mr. Justice Carr adopted by the court in Black Marsh Drainage District v. Rowe, 350 Mich. 470, 87 N.W.2d 65). Also, special assessment districts set up according to special benefits are constitutional. Hagar v. Reclamation District No. 108, 111 U.S. 701, 705, 4 S.Ct. 663, 28 L.Ed. 569; Cummings v. Garner, 213 Mich. 408, 182 N.W. 9. Therefore, it is permissible for the legislature to give the assessed public corporation the option of either levying a general *ad valorem* tax or providing for a special assessment.

■ Plaintiffs further contend that the notice provisions of sections 467 and

469 violate both the state and the federal constitutions. It is important to recognize that the final orders of determination and apportionment bind the public corporations involved, which must receive notice by registered mail under the statute. Notice by publication is also provided, but plaintiffs contend that they are entitled, as the class of people which may ultimately bear the burden of paying for the drain, to more effective notice than that of publication. But as such a class, plaintiffs are affected only indirectly and to the same degree as all other taxpayers in the preliminary stages of Chapter 20 proceedings which culminate in the final orders of determination and apportionment. Not until the proceedings reach the stage where it becomes necessary to decide what proportion of the cost of the proposed improvement shall be assessed to the particular parcel of land which each plaintiff owns, must opportunity be given to them as owners to be heard upon that question (see Voight v. Detroit, 184 U.S. 115, 22 S.Ct. 337, 46 L.Ed. 459), and Michigan law affords opportunity to question such direct assessment on their property, upon proper notice and at an adequate hearing. See also Chicago etc. R. R. v. Risty, 276 U.S. 567, 48 S.Ct. 396, 72 L.Ed. 703; Embree v. Kansas City Road Dist., 240 U.S. 242, 36 S.Ct. 317, 60 L.Ed. 624; Soliah v. Heskin, 222 U.S. 522, 32 S.Ct. 103, 56 L.Ed. 294; Londoner v. Denver, 210 U.S. 373, 28 S.Ct. 708, 52 L.Ed. 1103; Goodrich v. Detroit, 184 U.S. 432, 22 S.Ct. 397, 46 L.Ed. 627. We hold, therefore, that the notice provisions contained in sections 467 and 469 of Chapter 20 are constitutional.

One further word—One of the allegations in plaintiffs' shotgun amended complaint is that the issuance of bonds by defendants drainage boards to provide funds for the construction of drains would result in a burden on interstate commerce in violation of Article 1, Section 8 of the Constitution. They do not allege that they are misled by either the bond and notice of sale provisions or by any underlying Michigan legislative enactments. This does not require any discussion, but it is strange indeed that the plaintiffs take the position that they have a right to appear on behalf of others to assert federal constitutional guarantees.

We have considered section 1341, 28 U.S.C.[1] but do not deem it necessary to discuss its application to this amended complaint.

---

[1]. "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the state courts of such State."